the manner described by the defendant, and the evidence does not fairly disclose any extraordinary condition; for it is difficult to spell out from the plaintiff's testimony that there was anything more than a discoloration of a space on the floor with oil. Her sister, who was with her, testifies perhaps a little stronger; but the fair inference from the evidence is merely that at this particular point the oil had not been as fully absorbed by the floor as was general, and there is no evidence that this was apparent to ordinary observation, or that there was anything which would naturally give notice to the defendant of the alleged dangerous condition.

There was a clear lack of evidence to support the plaintiff's cause of action, and the complaint should have been dismissed.

The judgment and order appealed from should be reversed, and a new trial granted; costs to abide the event.

JENKS, P. J., and BURR, J., concur. HIRSCHBERG and RICH, JJ., dissent.

---

### SALOMON v. SALOMON et al.

(Supreme Court, Appellate Division, First Department. April 4, 1912.)

1. ARBITRATION AND AWARD (§ 73*)—JUDGMENT ON AWARD—APPEAL.

Where a copy of an arbitration award in favor of an estate was served on the executor, and no motion was made to modify or correct it within three months, as provided by Code Civ. Proc. §§ 2375, 2376, or at any other time, it was not reviewable.

[Ed. Note.—For other cases, see Arbitration and Award, Cent. Dig. §§ 368–398; Dec. Dig. § 73.*]

2. APPEAL AND ERROR (§ 877*)—PERSONS WHO MAY COMPLAIN OF ERROR.

Defendant cannot complain on appeal that the award, on which judgment was entered against him individually, improperly credited him with an amount which was due him as executor.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3560–3572; Dec. Dig. § 877.*]

Appeal from Trial Term, New York County.

In the matter of the arbitration of a claim of Salomon Salomon against Solomon G. Salomon and another. From a judgment entered upon the award, defendants appeal. Affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, MILLER, McLAUGHLIN, and DOWLING, JJ.

B. F. Einstein, for appellants.

Leo Oppenheimer, for respondent.

PER CURIAM. We think that, fairly construed, the award in favor of the respondent was a separate award against each of the appellants for the respective amounts separately stated in the award.

[1] The award in favor of the estate of Gustave Salomon against the respondent is not before us. A copy of that was served on the executor on January 28, 1911, and no motion was made to modify or

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

correct it within three months, as provided by sections 2375 and 2376 of the Code of Civil Procedure, or at any other time. The notice of motion in this case was for judgment on the award against the appellants, and the appeal is by them individually.

[2] The appellant, Solomon G. Salomon, cannot complain because a sum found due. the estate of which he is executor in a separate award was deducted from the sum found to be owing the respondent by him individually, and, of course, the respondent is not in a position to complain. We are not now concerned with the question whether the estate of Gustave Salomon is concluded by that offset.

The judgment should be affirmed, with costs.