Peter G. Ten Eyck, as Commissioner of Agriculture and Markets of the State of New York, and Lewis Hennings, as Producer-Plaintiff, on Behalf of Himself and All Other Producer-Creditors of the Defendants Similarly Situated, Respondents, v. Columbia Casualty Company and Others, Defendants, and Isadoro Altman and Nestle Realty Co., Inc., Appellants.— This is an appeal from an order which denies the defendants' motion to strike out the name of one of the parties plaintiff in this action and to strike out certain paragraphs of the complaint as irrelevant and scandalous and tending to prejudice a fair trial of the action. The plaintiffs are the Commissioner of Agriculture and Markets and a milk producer who sues in behalf of himself and about 170 other producers who delivered milk and were underpaid for the same and who allege that through false representations made by the defendants, other than the casualty company, they were induced to release securities and sign releases. The action against the Columbia Casualty Company is upon a bond given to secure the payment of milk under a license issued by the Milk Control Board. Order unanimou ly affirmed, with ten dollars costs and disbursements. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.

In the Matter of the Application of Frederica Bond for an Order Confirming the Award of Hon. Victor J. Dowling, Arbitrator, Rendered in an Arbitration Proceeding. Frederica Bond, Appellant; Lee Shubert, Respondent.— Order reversed on the law and facts, and application denied, on the ground that sufficient cause therefor is not shown. (Ex parte Uppercu, 239 U. S. 435.) Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ., concur.

The People of the State of New York ex rel. Riverside Drive Estates, Inc., Respondent, v. Ralph S. Carmichael and Another, Assessors of the City of Binghamton, and John A. Giles and Others, Constituting the Board of Review of the City of Binghamton, N. Y., Appellants.—Appeal from judgment reducing assessments on respondent's real premises. The issues were overvaluation and inequality. The official referee found upon the parties' stipulation that other property in the city was assessed at eighty-four per cent of its full value. He also found that respondent's properties were overvalued and reduced the assessments accordingly. The evidence sustains these findings. Judgment unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.