In the Matter of the Application of FREDERICA BOND for an Order Confirming the Award of Honorable Victor J. Dowling, Arbitrator, Rendered in an Arbitration Proceeding between FREDERICA BOND and LEE SHUBERT.

FREDERICA BOND (Now FREDERICA BOND LINDLEY), Appellant; LEE SHUBERT, Respondent.

Third Department, July 1, 1942.

Geis, Forman & Schulze [Ellis J. Staley of counsel; Herman B. Forman with him on the brief], for the appellant.

Borst & Smith [Laurence V. Benedict of counsel], for the respondent.

Schenck, J. This is an appeal by Frederica Bond from an order of the Supreme Court which purports to modify and correct an arbitration award, dated December 28, 1926, filed herein, and an order of the Supreme Court, Montgomery county, dated December 10, 1927, confirming the said award, and the judgment entered thereon on the same date. Appeal is taken also from the said judgment of December 10, 1927, as corrected by the order appealed from.

In deciding the issues here presented it is necessary to refer to the various steps taken in the arbitration proceeding brought in 1926 pursuant to the provisions of article 84 of the Civil Practice Act and the provisions of chapter 275 of the Laws of 1920, known generally as the Arbitration Law.

On October 27, 1926, Frederica Bond brought an action in the Supreme Court, Nassau county, against Lee Shubert to recover $500,000. At that same time, Nina Benton Bond, mother of Frederica Bond, brought an action against Lee Shubert to recover a like amount. The basis of each of said actions was the charge that Lee Shubert " with force and violence made indecent assaults upon the plaintiff [Frederica Bond] and as a result thereof the plaintiff became pregnant with child and that she was delivered

of a child on the 25th day of October, 1925." At the time of the commencement of said action, Frederica Bond was twenty-one years of age. The material allegations of the complaint were denied by defendant. These actions were never tried.

On November 23, 1926, Frederica Bond and Lee Shubert entered into an agreement of submission to arbitration for the purpose of terminating the then pending actions pursuant to the provisions of the Civil Practice Act relating to arbitration proceedings. Hon. VICTOR J. DOWLING, then Presiding Justice of the Appellate Division of the First Department, was designated as sole arbitrator. In the agreement of submission it was stipulated by the parties as follows: " The said award shall be conclusive of all issues raised in the actions instituted by Frederica Bond and Nina Benton Bond as aforesaid, and in full satisfaction and discharge of all claims of every name and nature which they or either of them may have against said Lee Shubert. The parties agree that the same shall be final and expressly waive all rights to any review of the same for any cause." The agreement of submission further provided that the parties mutually agree that a judgment upon the award to be made by the arbitrator may be entered in the office of the clerk of Nassau county and that said judgment shall constitute a final judgment of the Supreme Court and no appeal shall be taken therefrom. The parties to each of the pending actions also executed and delivered general releases to Lee Shubert releasing him from any and all claims which they may have had against him. The agreement recites that Lee Shubert having agreed to the payment of a sum of money weekly to Frederica Bond for the use of herself and a separate sum of money weekly for the support, maintenance and education of her child, the parties agree to submit to the arbitrator " the question of the amounts to be paid weekly by the said Lee Shubert to the said Frederica Bond during her natural life or, in the event of her marriage within ten years from the date hereof, until the expiration of three years after such marriage, as and for her damages, and the amounts to be paid by the said Lee Shubert to the infant child of the said Frederica Bond weekly, for his maintenance, education and support until his arrival at the age of twenty-four years, and to terminate in any event at his death, * * *."

Paragraph 2 of said agreement of submission, after reciting that the arbitrator shall proceed to hear the evidence and determine the controversy with respect to the amounts to be paid weekly " by the said Lee Shubert to said Frederica Bond during her natural life or, in the event of her marriage within ten years from the date hereof, until the expiration of three years after such marriage,"

and a recital that the award shall be in writing and subscribed by the arbitrator, contains this sentence, " Such award shall contain a provision that the payment of any sums thereunder to said Frederica Bond shall immediately cease upon the event of the marriage of the said Frederica Bond or her death, except that if the said Frederica Bond shall marry within ten years from the date hereof, the said payments shall continue for three years after such marriage and then cease forever, * * *."

It is the contention of the appellant that she had no knowledge whatsoever of this restriction as to marrying after the expiration of ten years. She maintains that with full confidence in her attorney she signed such papers as were submitted to her and that she accepted the agreement for payments for life under the assumption that the only prohibition as to her marrying related to the ten-year period immediately following the award and that she had no reason to believe that her marriage after the expiration of such period would result in a forfeiture of subsequent weekly payments. She alleges that she had conferences with the arbitrator, at which time she advised him that she had been receiving $200 a week from Lee Shubert prior to the commencement of the two actions but that at no time was the subject of the effect of her marriage after the expiration of the ten-year period discussed.

The arbitrator made his award in writing on December 28, 1926. The award of the arbitrator follows closely the preamble and paragraph " 1 " and the first part of paragraph " 2 " of the agreement of submission but made no reference whatsoever to the later provision of paragraph " 2 " heretofore set forth, which provided for a cessation of payments in the event of appellant's marriage after the ten-year period.

By the award, Frederica Bond was to receive the sum of seventy-five dollars weekly, to begin November 22, 1926, which sum was to be paid to her " during her natural life; or in the event of her marriage within ten years from November 23, 1926, which he is to pay to her until the expiration of three years after such marriage." A similar amount was awarded for the support of the child until he should arrive at the age of twenty-four years. About a year later, on December 9, 1927, a motion was made before Mr. Justice HEFFERNAN for confirmation of the award and for judgment. On that date an order of confirmation was granted without opposition, the attorney for Frederica Bond and the attorney for Lee Shubert each indorsing his approval of the form and consent to the entry of such order under date of November 1, 1927, that being the date of the notice of motion presented to Mr. Justice HEFFERNAN. The order of confirmation follows the provisions of the award

and directs that payments be made to Frederica Bond "during her natural life" and contains a provision with respect to the effect of her marriage within the ten-year period. A judgment containing the provisions of the order and award was entered in the clerk's office December 10, 1927, the attorneys for the parties indorsing thereon their consent to the filing and entry of the said judgment. Neither the award, the order confirming the same nor the judgment contained anything that would indicate that payments were to cease in the event that appellant married subsequent to the ten-year period beginning November 23, 1926. Mr. Justice HEFFERNAN, by order, directed the sealing of all papers in the proceedings, to be opened and exhibited only on further order of the court.

In 1934 appellant commenced proceedings for an order to examine the sealed record. The attorney who represented her at the time of the making of the award and entry of judgment had died. She claims that the only paper she ever received or had in her possession since the making of the award was a copy of the judgment which, as heretofore set forth, contained no suggestion that would indicate that the weekly payments were to cease in the event she married after the expiration of the ten-year period. Her substituted attorneys had been unable to obtain copies of the record from the files of her deceased attorney. Justice DOWLING had died prior to 1934 and obviously no information could be obtained from that source. The proceeding to examine the sealed record and the papers on which the judgment was predicated was allegedly brought for the purpose of ascertaining if there was any adjudication as to the paternity of appellant's child. The motion for this inspection of the record was opposed by respondent. In the papers and briefs submitted by respondent in opposition to appellant's application for inspection of the sealed record, the history of the proceedings leading up to the arbitration award is set forth, including the finding and determination of the arbitrator that the respondent is to pay to the appellant here during her natural life or in the event of her marriage within ten years until the expiration of three years after such marriage the sum of seventy-five dollars per week. No intimation that these weekly payments should cease after the expiration of ten years is contained therein. To the contrary, a reading of the papers leads to the inescapable conclusion that after the expiration of said ten years, payments were to continue during the remainder of appellant's lifetime. The motion to inspect the sealed record was granted by Mr. Justice HEFFERNAN, who in an opinion detailed the history of the proceeding substantially as heretofore set forth and refers to the determination and finding

of the arbitrator that Lee Shubert should pay Frederica Bond "during her natural life" the weekly amount directed in said award unless she married within ten years. This court reversed the order of Mr. Justice HEFFERNAN and denied the application to examine the sealed record on an appeal heard on the original sealed records and typewritten briefs, on the ground that sufficient cause therefor had not been shown. (*Matter of Bond* v. *Shubert,* 246 App. Div. 867.)

Appellant Frederica Bond married Evelyn T. Lindley on March 17, 1939, more than two years after the expiration of the ten-year period. On July 7, 1941, the Special Term granted the order here appealed from on an order to show cause dated June 25, 1941, which order was entered December 1, 1941, in the office of the clerk of Montgomery county. At Special Term, respondent sought to correct the award, the order confirming the same and the judgment on the ground that the award was imperfect in a matter of form and that by reason of mistake and irregularity, Mr. Justice HEFFERNAN in his order of December 9, 1927, failed to modify and correct the same. The learned justice sitting at Special Term in granting the motion stated that the imperfection, if any, is in the matter of substance, and that the court has inherent power to correct its own judgment and decisions.

It is the contention of the appellant that while the court might under certain circumstances correct its own judgment and decision, it has no power or jurisdiction to correct the award of an arbitrator, except within the arbitration provisions of the Civil Practice Act; that no authority exists to amend a judgment in the matter of substance to the prejudice of any substantial right conferred upon any party by such judgment; that the award is not inconsistent with the agreement of submission and there being nothing on the face of the award to indicate a mistake and having received the approval of the parties, it is conclusive upon them and not subject to review for any cause; that any inconsistency of the award with the agreement of submission was waived by the specific consent of the parties to the making of the order of confirmation and the entry of the judgment thereon, and lastly, that the appellant was compelled to rely upon a copy of the judgment, that being the only paper in her possession, and the failure of respondent within the time provided by law to move for a modification or the vacation thereof and his failure to question the judgment until after appellant's marriage within its terms estops respondent from using the fact of such marriage to his advantage by way of correcting or amending the award and judgment.

Respondent, on the other hand, contends that the agreement to arbitrate is the instrument which gave rise to the entire proceeding in that the award, order of confirmation and judgment depend upon it and must be in accordance with its terms; that through a mistake or typographical omission, the award, order and judgment did not follow the agreement and that the court had power to correct the same and make the order appealed from and is not hampered by any statute, and respondent is not estopped from correcting the award and the subsequent order and judgment.

The procedure under the arbitration statute is contained in article 84 of the Civil Practice Act. Section 1448 provides that, except as otherwise prescribed by that section, two or more persons may submit to an arbitrator any controversy existing between them at the time of the submission which may be the subject of an action and such submission shall be valid and enforcible and irrevocable save upon such grounds as exist at law or in equity for the revocation of any contract. We are not here concerned with the exceptions referred to in the statute. It is provided that an award shall be valid and enforcible according to its terms without previous adjudication of the existence of a submission or contract to arbitrate, subject to certain provisions which have no application here. (§ 1458.) At any time within one year after the award is made, any party to the controversy arbitrated may apply to the court for an order confirming the award, and " thereupon the court must grant such an order unless the award is vacated, modified or corrected, as prescribed in the next two sections." (§ 1461.) A provision for vacating an award is provided by section 1462, and a like provision to modify or correct an award is found in section 1462-a. Subdivision 3 and the final paragraph of that section provide that " Where an award is imperfect in matter of form not affecting the merits of the controversy, and, if it had been a referee's report, the defect could have been amended or disregarded by the court. The order may modify and correct the award so as to effect the intent thereof and promote justice between the parties." " Notice of a motion to vacate, modify or correct an award must be served upon the adverse party, or his attorney, within three months after the award is filed or delivered, as prescribed by law for service of notice of a motion upon an attorney in an action. * * *." (§ 1463.)

The papers submitted on the motion upon which the order appealed from is predicated recite that the award " was imperfect in a matter of form in that it failed to include the provision that the payment of any sums thereunder to said Frederica Bond Lindley shall immediately cease " in the event of appellant's

marriage except the provision relating to her marriage within ten years and that " due to a mistake and irregularity " the order of confirmation failed to modify and correct the award.

The justice presiding at the Special Term in his opinion, after pointing out that this proceeding was not brought pursuant to either subdivision 1 or subdivision 2 of section 1462-a, says: " Whether or not it is one within the meaning of subdivision 3 of section 1462-a may be a debatable question, but it seems to me that it is not contended here that the award is imperfect in the matter of form. The imperfection, if any, is in the matter of substance. Therefore, the limitation contained in section 1463 is to my mind not applicable to the present proceeding." He bases his order correcting the award and judgment upon the inherent power of the court to correct its own judgments and decisions.

With this I am unable to agree. The provisions of the arbitration statute provide a complete procedure to vacate or modify an award and the judgment based thereon. The provision that notice to vacate, modify or correct an award must be served within three months after the award is filed or delivered may not be disregarded. This entire proceeding from its inception at the time of the making of the submission agreement has been carried on under the provisions of the arbitration statute. The right to statutory relief is waived for failure of compliance. The statute provides that for certain specific reasons an award may be vacated, modified or corrected, and " an award is conclusive and final as to the questions decided, unless it is modified, corrected or vacated in the manner and upon the specific grounds provided by the statute." (*Matter of Wilkins*, 169 N. Y. 494; *Matter of Burke*, 117 App. Div. 477; *Dobson* v. *Central Railroad Co. of N. J.*, 38 Misc. 582; *Matter of Salomon* v. *Salomon*, 150 App. Div. 897.) The statute provides within what time a motion to vacate, modify or correct an award may be made and " the only method of attacking or reviewing an award is by motion to vacate, modify or correct it for the reasons mentioned in the statute." (*Matter of Wilkins, supra.*) The authority to modify an award is confined, limited and controlled by the statutory provisions. (*Matter of Wheat Export Co., Inc.*, 185 App. Div. 723; affd., 227 N. Y. 595.)

The submission agreement empowered the arbitrator to determine " the amounts to be paid weekly by the said Lee Shubert to the said Frederica Bond during her natural life " except in the event of her marriage within ten years. The qualifying provision of paragraph 2 of the agreement was omitted in the award. Subsequent to the making of the award and before the marriage of the appellant, the arbitrator died, leaving no memorandum which

would be of use in determining his purpose in making the award in the form in which it was submitted by him. Approximately a year expired from the time of the making of the award to the time of its filing and the entry of the order of confirmation and judgment. The agreement provided that the award should be final and the parties expressly waived all rights to any review of the same for any cause. The entry of the order of confirmation and the judgment was consented to by the parties through their attorneys. No motion was made to vacate or modify the award or the order. It was approximately fifteen years after the making of the award that this proceeding to correct the same was instituted. In the meantime and after the expiration of the ten-year period the appellant had married, thereby placing herself in an irrevocable position in the event the award, order and judgment were corrected or modified by court order requiring that all further payments shall cease. On the face of the award and judgment she had acquired substantial rights which the present order appealed from would take away from her.

While the Supreme Court has inherent power to modify its judgments in cases not regulated by statute, it may not alter a judgment to the prejudice of a party who has acquired substantial rights thereunder. Respondent urged the granting of the motion to amend for the reason that the award was imperfect in a matter of form in that it failed to include a sentence contained in the submission. The Special Term stated in its opinion that the imperfection, if any, is in the matter of substance rather than in the matter of form. If this contention be true, the Special Term had no revisory or appellate jurisdiction to correct by amendment an error in substance affecting the judgment. " It cannot, by amendment, change the judgment in matter of substance for error committed on the trial or in the decision, or limit the legal effect of it to meet some supposed equity subsequently called to its attention or subsequently arising." (*Herpe* v. *Herpe*, 225 N. Y. 323.) Since the basis of respondent's application is that the award " was imperfect in a matter of form," he was limited to the procedure outlined in section 1463, which requires a notice of motion to be served within three months after the filing and delivery of the award. If the Special Term is correct when it states that the imperfection was " in the matter of substance " it could not by amendment change the judgment in the matter of substance, and the correction could only be by vacating the judgment or by appeal. (*Herpe* v. *Herpe, supra.*) The mistake or imperfection, whether a " matter of form " or a " matter of substance," was the mistake of the arbitrator. It was claimed on the motion that

he omitted to do something he should have done at the time of making the award. An amendment to a judgment approved by and entered with consent of the parties after a lapse of approximately fifteen years is now urged. In the meantime, the status of the appellant here has changed. Her marriage after the expiration of ten years was not prohibited by the award, the order of confirmation or the duly entered judgment. The correction of this judgment by the Special Term in the matter of substance after this long period of time clearly destroys appellant's rights thereunder. This unseemly delay has been highly prejudicial to her.

May appellant's substantial rights under a judgment be nullified by respondent's neglect or omission to proceed within the statutory time? We think not. The parties sought an arbitration of a controversy pending in the Supreme Court. The purpose of this arbitration was to conclusively terminate all controversial issues presented by the pleadings in the two actions. Having sought relief under the arbitration statute, it was incumbent upon each of the parties to adhere to the provisions of such statute. A workable procedure was available to correct any imperfections or mistakes that might have been made by the arbitrator. Respondent failed to avail himself of the remedial provisions of the statute under which the arbitration was sought. In the circumstances, the order appealed from, and the judgment as modified in accordance therewith, should be reversed.

HILL, P. J., CRAPSER and FOSTER, JJ., concur; BLISS, J., dissents in an opinion.

BLISS, J. (dissenting). The written agreement of arbitration signed by both of these parties provided that the award should contain a provision that the payment of any sums thereunder to Frederica Bond should immediately cease upon the event of her marriage or death except that if she should marry within ten years from the date thereof the payments should continue for three years after such marriage and then cease forever. This provision was an integral and vital part of the agreement between these parties. Appellant's statement that she did not know of this provision is unbelievable and obviously is now made for the purpose of avoiding her written obligation. That the award should have contained this provision is not questioned. There was no power in the arbitrator to make any award not in accordance with the agreement. The omission of this vital provision from the award was a serious error and gives rise to a great injustice in compelling the respondent to continue to support the appellant after she has married and is now living with and being supported

by another. The only question in this case is as to the power of the court to now make the award conform to the agreement of the parties. That such power is exercised in matrimonial actions long after the granting of the original decree is sustained by many authorities. In *Williams* v. *Williams* (287 N. Y. 799) a judgment of divorce originally granted in 1914 was amended in 1942 so as to include a provision for alimony and support which had been unintentionally and inadvertently omitted from the original judgment. The motion to amend the instant award was made as soon as the respondent discovered the omission. The appellant's claim that respondent is now estopped from obtaining the relief which he now seeks is without merit for respondent did nothing to induce appellant to change her position. She now has a husband who is legally liable for her support.

The order of the Special Term should be affirmed.

Order appealed from, and judgment as modified, reversed on the law and facts, with costs.

The order entered upon this decision shall contain a reference to the opinion to supply any facts required by section 607 of the Civil Practice Act, as added by chapter 297 of the Laws of 1942.