In the Matter of the Arbitration between ANGELO P. MOLE, as Administrator of the Estate of RICHARD F. MOLE, Deceased, Appellant, and QUEEN INSURANCE COMPANY OF AMERICA, Respondent.

Fourth Department, June 30, 1961.

*Cohen, Lombardo, Maisel, Blewett & Fisher (Ernest Lombardo* of counsel), for appellant.

*George L. Grobe (Herman J. Ginsberg* of counsel), for respondent.

HALPERN, J. The principal question presented upon this appeal is whether there is any power in the courts to vacate an arbitration award on the ground of newly discovered evidence.

The arbitration proceeding had been commenced pursuant to a provision of an automobile insurance policy issued to the appellant by the respondent insurance company, which provided that the company would pay all damages which the named insured or any member of his family was legally entitled to recover for bodily injury or death caused by the operation of an uninsured automobile. The policy required the submission to arbitration of any claims under this provision. The appellant's son had been killed as the result of an accident, while a passenger

in an uninsured automobile. The arbitrator made an award adverse to the appellant, disallowing and dismissing the claim upon the ground that the claimant had failed to prove that the driver of the uninsured automobile had been negligent. Thereafter, when the respondent moved to confirm the award, the appellant opposed confirmation and asked the court to vacate the award and to grant a new hearing on the ground of newly discovered evidence. The appellant claimed that, after the award had been made, a passenger in the automobile, who had previously stated that she was unable to recall the circumstances leading up to the accident and who had therefore not been called as a witness, had recovered her memory and had given a version of the accident tending to show that the driver had been negligent.

The Special Term denied the application to vacate the award and granted the motion to confirm the award and directed the entry of judgment thereon. The court held that it had no power to entertain a motion to vacate the award on the ground of newly discovered evidence. In our opinion, this decision was correct.

Once an award has been made, an arbitrator is *functus officio*. He may not on his own motion or on the motion of one of the parties set aside the award and reopen the case. He is " without any power to alter or modify the award or do any other act under the submission " (*Herbst* v. *Hagenaers,* 137 N. Y. 290, 294).

The grounds for the vacating of an award by the court are specified in section 1462 of the Civil Practice Act. Newly discovered evidence is not one of the statutory grounds.

The statutory grounds are exclusive (*Matter of Weiner Co.,* 2 A D 2d 341, affd. 3 N Y 2d 806; *Matter of Bond* [*Shubert*], 264 App. Div. 484, affd. 290 N. Y. 901; *Matter of Wilkins,* 169 N. Y. 494, 498; *Matter of S & W Fine Foods,* 8 A D 2d 130, affd. 7 N Y 2d 1018). There is no general power on the part of the courts to grant equitable relief from arbitration awards (*Estro Chem. Co.* v. *Falk,* 303 N. Y. 83; *Donato* v. *American Locomotive Co.,* 283 App. Div. 410, affd. 306 N. Y. 966).

The sections of the Civil Practice Act (§§ 549–556) providing for the granting of a new trial are obviously inapplicable to arbitration. There never was an original trial so a motion cannot be made for a new trial. The Civil Practice Act provisions deal with the granting of a new trial after a court trial has been held under the customary rules of procedure, subject to appellate review. An arbitration award is not reviewable by the courts on the merits of the decision; the award may not

be set aside because the court finds the award contrary to the weight of the evidence or, indeed, unsupported by the evidence received by the arbitrator. "[A]ll questions of fact and of law are within the judicially unreviewable purview of the arbitrator" (*Matter of S & W Fine Foods, supra,* p. 131). It is therefore impossible to apply the normal standards for the determination of a motion for a new trial to an award in an arbitration proceeding. It is impossible for the court to say whether the newly discovered evidence would have affected the result since the court has no right to inquire into the basis upon which the arbitrator decided the case. In view of the fact that an arbitrator is not required to decide the case in accordance with either the law or the facts as they might be found by a court, a court cannot say that any particular piece of evidence would have altered the result.

The purpose and nature of arbitration are wholly incompatible with the entertaining of motions for a rehearing on the ground of newly discovered evidence. The principal purpose of arbitration is to reach a speedy and final result and to avoid protracted litigation (*Matter of Bond* v. *Shubert,* 264 App. Div. 484, affd. 290 N. Y. 901, *supra*). The arbitration award is final, subject only to the provisions for vacating the award specified in section 1462 of the Civil Practice Act. If a motion to reopen the proceeding on the ground of newly discovered evidence could be entertained, the arbitration award would be the beginning rather than the end of the controversy and the protracted litigation which arbitration is meant to avoid would be invited.

The plight of a litigant who discovers new and important evidence after an adverse arbitration award has been handed down, may be an unfortunate one, but that is one of the risks which he assumed in submitting the controversy to arbitration. In exchange for speed and finality, the parties to an arbitration submission surrender the safeguards which surround the disposition of controversies by conventional trial in the courts.

There seems to be very little authority on the question of the power to grant a rehearing on the ground of newly discovered evidence in an arbitration proceeding. This may be due to the fact that it has been generally assumed that no such power exists and motions for rehearing have therefore not been made. The appellant relies upon a dictum in *Bolton* v. *General Acc. Fire & Life Assur. Corp.* (51 N. Y. S. 2d 407) in which the Special Term stated that it assumed that the power existed but held that a sufficient showing had not been made to justify its exercise in that case. The decision in the

*Bolton* case has generally been cited, in practice texts and manuals and in the citators, as having been affirmed upon appeal by the Appellate Division and the Court of Appeals, but this is erroneous. The decision in the *Bolton* case which was affirmed upon appeal (268 App. Div. 905, affd. 295 N. Y. 734) was not the order denying a motion for a new hearing (51 N. Y. S. 2d 407) but the judgment entered pursuant to an earlier unreported order made by the same Justice, denying a motion to vacate the award on statutory grounds and directing the entry of judgment thereon. The decision containing the dictum relied upon by the appellant (51 N. Y. S. 2d 407) was never reviewed by any appellate court. For the reasons given above, we do not agree with the dictum.

It has recently been suggested by a specialist in arbitration matters that an arbitration agreement should provide for a period during which an application for rehearing may be made to the arbitrator and that pursuant thereto an arbitrator should issue a tentative award in the first instance and not make it final until the specified period had elapsed (Jones, Arbitration and the Dilemma of Possible Error, 11 C. C. H. Labor L. J. 1023). This may be a useful device, but the arbitration agreement in the present case did not contain any such provision.

The judgment and order appealed from should be affirmed, without costs.

All concur. Present — WILLIAMS, P. J., GOLDMAN, HALPERN, McCLUSKY and HENRY, JJ.

Judgment and order unanimously affirmed, without costs of this appeal to either party.