In the Matter of the Arbitration between BENJAMIN F. BRADIGAN et al., Respondents, and BISHOP HOMES, INC., Appellant.— Judgment unanimously modified on the law and facts to increase the amount thereof to the sum of $7,566.33 and, as so modified, affirmed, with costs to respondents Bradigan. Memorandum: The parties to this appeal in the statement in lieu of a record on appeal (CPLR 5527) have stipulated that there was no evidence before Special Term as to the estimated cost of completion of the required work directed to be performed by the award of the arbitrators. It follows that Special Term improperly deducted the sum of $272.01 from the balance due appellant. The judgment should be increased by that amount. In any event Special Term had no jurisdiction to grant such relief. It was within the power of the arbitrators to direct specific performance of the uncompleted work and courts will confirm and enforce such an award (*Matter of Grayson-Robinson Stores* [*Iris Constr. Corp.*], 8 N Y 2d 133; *Matter of Staklinski* [*Pyramid Elec. Co.*], 6 N Y 2d 159). But the power of Special Term to modify an award is limited by statute (CPLR 7511, subd. [c]) and such modification cannot be made where it will affect the substantive rights of the parties. (6 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7511.26; *Matter of Bond* [*Shubert*], 264 App. Div. 484, affd. 290 N. Y. 901.) Special Term had power to implement the award by suitable provision in the judgment directing specific performance but it was without jurisdiction upon the facts herein to modify the award to substitute monetary relief for the per-

formance directed by the award. (Appeal from judgment of Erie Special Term confirming an arbitration award.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.