■ ROOSEVELT HOSPITAL, Respondent, v DENNIS M. SILVERMAN, as

President of Local 810, Steel, Metals, Alloys and Hardware Fabricators, Affiliated with International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Appellant.—Judgment, Supreme Court, New York County, entered on October 12, 1976, affirmed on the opinion of Postel, J., at Special Term, without costs and without disbursements. Concur—Stevens, P. J., Kupferman and Markewich, JJ.; Silverman, J., concurs in a memorandum, and Murphy, J., dissents in part in a memorandum, as follows: Silverman, J. (concurring). I agree that the judgment appealed from should be affirmed. The arbitrator in this case has directed payment of wages to two laid-off employees of the employer petitioner, the Roosevelt Hospital, under a clause of the collective bargaining agreement forbidding the employer to subcontract "bargaining unit work." The work here contracted for was waterproofing one of the buildings of the hospital. The arbitrator did not hold that this was bargaining unit work; quite the contrary, it was work of a kind which the employer had never done directly through its own employees; which the grievant employees had never done; which would require equipment which the employer did not and never had possessed; and which would require a rigger's license which neither the employer nor the grievant employees had. Further, the employer wanted the work to be guaranteed; the employer could of course get such a guarantee from an independent contractor; if the employer did the work itself, it could not have such a guarantee. The arbitrator further stated that the award should not be interpreted to mean that in the future all employees in the same category as grievants, employed by the hospital, automatically are qualified to do the work. It is apparent that the arbitrator was basing his decision not on whether the work was bargaining unit work, but on the individual abilities of particular grievants to do part of the work. Obviously, the arbitrator was not saying or implying that the hospital should have done the work itself through its own employees rather than hiring an independent contractor to do it. In these circumstances, an award requiring the employer to pay the grievant employees under the clause forbidding subcontracting of bargaining unit work means that the arbitrator "gave a completely irrational construction to the provisions in dispute and, in effect, made a new contract for the parties." (*Matter of National Cash Register Co. [Wilson],* 8 NY2d 377, 383; *Lentine v Fundaro,* 29 NY2d 382, 385; cf. *Garrity v Lyle Stuart, Inc.,* 40 NY2d 354, 359.) The arbitrator therefore "exceeded his power" within the meaning of CPLR 7511 (subd [b], par 1, cl [iii]), and *Matter of National Cash Register Co. (Wilson) (supra).* Murphy, J. (dissenting in part). Since a determination of an arbitrator is generally not reviewable by a court in the absence of statutory grounds, any defects in the award must appear affirmatively on the face of the award or be established by clear and convincing extrinsic evidence to justify vacation. (8 Weinstein-Korn-Miller, NY Civ Prac, par 7511.18, p 75–169; *Hiscock v Harris,* 74 NY 108, 112, 113.) The arbitrator in this proceeding was presented with the issue, under the subject collective bargaining agreement, of whether exterior waterproofing was a function of the collective bargaining unit. The arbitrator never reached that issue. Instead, he found that the two laid-off workers were qualified to do the exterior waterproofing. In effect, the arbitrator decided this controversy under a criterion not set forth in the collective bargaining agreement. Thus, from the face of his decision, it is apparent that he exceeded his powers. The Legislature has expressly provided that, where an arbitrator exceeds his powers, his award must be vacated (CPLR 7511, subd [b], par 1, cl [iii]; *Matter of Delmar Box Co. [Aetna Ins. Co.],* 309 NY 60, 64; cf. *Matter of Wilkens [Allen],* 169 NY 494,

499). This court does not have the power to modify the award so as to affect the substantive rights of the parties (Matter of Bradigan [Bishop Homes], 20 AD2d 966). A fortiori, it does not have the power to make factual findings and to reverse an arbitrator's award (cf. Matter of United Buying Serv. Int. Corp. [United Buying Serv. of Northeastern N. Y.], 38 AD2d 75, affd 30 NY2d 822). I agree with the majority that the award must be vacated because the arbitrator exceeded his authority. However, this court does not have the power to dismiss the grievance since it does not have the right to make a factual determination with regard to the merits of that grievance. The judgment, insofar as appealed from, should be modified by reversing so much thereof as dismissed the grievance, and by remanding that grievance for new arbitration.