*296 OPINION OF THE COURT
Memorandum.
Order unanimously modified by (1) striking therefrom the provision granting the cross petition which sought to add Metropolitan Transit Authority/Long Island Bus as correspondent, (2) striking therefrom the provision confirming the arbitration award against Metropolitan Transit Authority/Long Island Bus, and (3) dismissing the cross petition; as so modified, affirmed without costs.
After an arbitration hearing, at which respondent Claims Service Bureau did not appear, petitioner , was awarded the principal sum of $6,470. Thereafter, petitioner brought this proceeding pursuant to CPLR 7510 for a judgment confirming the award of the arbitrator. Claims Service Bureau sought to modify the award by adding Metropolitan Transit Authority/ Long Island Bus (hereinafter MTA) as a correspondent in the proceeding pursuant to CPLR 7511 (c) (3). In the alternative, Claims Service Bureau sought to have the arbitrator’s award vacated against it on the ground that it was not the insurer and that it acted as a claims administrator for Metropolitan Suburban Authority (currently known as the MTA). The court below granted the relief sought by adding MTA as correspondent in the proceeding pursuant to CPLR 7511 (c) (3), dismissing the petition as to Claims Service Bureau and confirming the arbitration award only as against MTA.
The court below was without authority to modify the award pursuant to CPLR 7511 by adding MTA as a correspondent to the proceeding, since this was not a modification as to “matters of form” (CPLR 7511 [c] [3]). The court’s power to modify an arbitration award is limited and the court cannot review the merits of the controversy submitted where the modification affects the substantive rights of the parties (see, Matter of Lange-Finn Constr. Co. [Joyce & Sons — Kramer & Sons], 50 AD2d 696, affd 41 NY2d 814; Matter of Bradigan [Bishop Homes], 20 AD2d 966).
In view of the foregoing, we need not consider the appellant’s remaining contentions.
Inasmuch as petitioner has not taken a protective appeal, we need not consider that branch of the order dismissing the petition seeking to confirm the award as against Claims Service Bureau.
Floyd, P.J., Colabella and Wxnick, JJ., concur.