■ In the Matter of GREGORY E. GOLDSTEIN et al., Appellants, v VICTOR M. PREISLER et al., Respondents. [805 NYS2d 647]—

In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, the petitioners appeal from so much of an order of the Supreme Court, Nassau County (O'Connell, J.), entered November 29, 2004, as denied that branch of the petition which was to confirm the portion of the award which recommended expungement of all references to the arbitration from their public records maintained by the National Association of Securities Dealers in its Central Registration Depository.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and that branch of the petition which was to confirm the portion of the award which recommended expungement of all references to the arbitration from the petitioners' public records maintained by the National Association of Securities Dealers in its Central Registration Depository is granted.

This proceeding arises out of a stipulation and confidential settlement agreement entered into by the parties in January 2003 which culminated in a stipulated award issued by an arbitration panel in July 2004. The stipulated award, in addition to referencing the parties' confidential settlement agreement, contained two paragraphs recommending the expungement of all references to the arbitration from the petitioners' registration records maintained by the National Association of Securities Dealers (hereinafter NASD) in its Central Registration Depository (hereinafter CRD).

The petitioners moved by notice of petition for an order confirming the arbitration award and directing judgment pursuant to CPLR 7514. They also sought an order directing, inter alia, that all references to the arbitration be expunged from their public and nonpublic registration records maintained by the NASD in its CRD. The petition was unopposed. The Supreme Court confirmed a portion of the arbitration award, but denied the branch of the petition which was to confirm the portion of the award which recommended the expungement of the petitioners' public registration records.

The Supreme Court erred in denying that branch of the petition which was to confirm the portion of the award which recommended expungement of the petitioners' public registration records. Judicial review of an arbitrator's award is extremely limited, and once an issue has been decided by an arbitrator, questions of law and fact are not within the power of the judiciary to review, as they are merged into the award (*see Pearlman v Pearlman*, 169 AD2d 825 [1991]). The Supreme Court, by confirming part of the award and denying the branch of the petition which was to confirm the portion of the award which recommended expungement, engaged in an impermissible modification of the award that affected the substantive rights of the parties (*see* CPLR 7511 [c]; *Matter of American Home Assur. Co. v Claims Serv. Bur.*, 191 Misc 2d 295 [2002]). Moreover, the arbitration award was based upon the stipulation of the parties. Stipulations of settlement are favored by the courts and will not be set aside on facts less than needed to avoid a contract, e.g., fraud, overreaching, mistake, duress, or some other ground of similar nature (*see Matter of Irace*, 21 AD3d 557 [2005]). At no time was the parties' stipulation challenged on these or any other grounds. The Supreme Court therefore improperly substituted its own judgment for that of the parties when it denied that branch of the petition which was to confirm the portion of the arbitration award which recommended expungement of the petitioners' public registration records (*see Matter*

*of Nicastro,* 150 AD2d 454 [1989]). H. Miller, J.P., Krausman, Rivera and Dillon, JJ., concur.