OPINION OF THE COURT
Edward H. Lehner, J.
The legal issues raised by the application before the court are: (i) whether the Attorney General of the State of New York should be permitted to intervene in this application by the petitioner stock broker to confirm an arbitration award directing the expungement from records of the Central Registration Depository (CRD) of all reference to an arbitration before a panel that acted under the auspices of the National Association of Securities Dealers (NASD) (now known as Financial Industry Regulatory Authority [FINRA]); (ii) whether the award may be confirmed without the arbitrator having held a hearing on the merits of the right to an expungement; and (iii) whether the adoption of rule 2130 by NASD altered the law relating to the judicial confirmation of arbitration awards.
In April 2004 respondent Loretta D. Abrams filed a claim with NASD against petitioner Mary Ellen Kay and her employer Prudential Securities Incorporated asserting wrongdoing in the handling of her account by Kay, and sought damages of $450,000. Kay and Prudential asserted answers by separate counsel. The claim, after being referred to an arbitration panel, was settled by a stipulation in May 2005 (without Kay’s involvement) wherein Prudential paid Abrams $155,000, in return for which Abrams executed a release to Prudential and Kay. The stipulation provided for confidentiality and expungement of the matter from CRD records. These records, maintained by FINRA, provide the public with information about claims that have been asserted against brokers on a nationwide basis. However, the matter was closed by NASD prior to its acting upon the joint request for expungement.
Subsequently, in September 2005 Kay and Prudential applied to NASD for the appointment of an arbitrator to act upon the expungement request. The single arbitrator appointed issued the award without having held a hearing, apparently relying solely on the stipulation and communications from the broker. The award provided that the record of the NASD arbitration should be expunged from the CRD records because “[t]he registered person was not involved in the alleged investment- *373 related sales practice violation, forgery, theft, misappropriation, or conversion of funds.” It is noted that the arbitrator made such finding although Kay acknowledged that she had handled Abrams’ account at Prudential, and the basis of the request for expungement was on a different ground, to wit, that the claim was “factually impossible or clearly erroneous.” Kay seeks to have the award confirmed in this proceeding.
NASD rule 2130, which for a four-year period prior to adoption had been discussed with representatives of the securities industry as well as with various state and federal governmental officials (including the New York Attorney General), was adopted by NASD in December 2003 and was effective as of April 12, 2004 after approval by the Securities and Exchange Commission (SEC). It provides as follows:
“(a) Members or associated persons seeking to expunge information from the CRD system arising from disputes with customers must obtain an order from a court of competent jurisdiction directing such expungement or confirming an arbitration award containing expungement relief.
“(b) Members or associated persons petitioning a court for expungement relief or seeking judicial confirmation of an arbitration award containing ex-pungement relief must name NASD as an additional party and serve NASD with all appropriate documents unless this requirement is waived pursuant to subparagraph (1) or (2) below.
“(1) Upon request, NASD may waive the obligation to name NASD as a party if NASD determines that the expungement relief is based on affirmative judicial or arbitral findings that:
“(A) the claim, allegation or information is factually impossible or clearly erroneous;
“(B) the registered person was not involved in the alleged investment-related sales practice violation, forgery, theft, misappropriation, or conversion of funds; or
“(C) the claim, allegation, or information is false.
“(2) If the expungement relief is based on judicial or arbitral findings other than those described above, NASD, in its sole discretion and under extraordinary circumstances, also may waive the obligation to name NASD as a party if it determines that:
*374 “(A) the expungement relief and accompanying findings on which it is based are meritorious; and “(B) the expungement would have no material adverse effect on investor protection, the integrity of the CRD system, or regulatory requirements.”
Prior to the Kay confirmation application coming on for determination, the Attorney General moved for leave to intervene in the proceeding contending that the State of New York had certain ownership interests in the CRD records. At oral argument held on April 27, 2007,* the Attorney General took the position that because of the claimed partial state ownership interest in CRD records, the arbitrator lacked the power to grant expungement as such an order would, in essence, be destroying state property. Consequently, it was contended that the court lacked the power to confirm such an award (transcript at 35-37). When it was noted that no such claim had ever previously been asserted by the office of the Attorney General, it was stated that this was a new policy of Andrew Cuomo, the present holder of that office, which was decided upon in February of last year (transcript at 26-32). Prior to 1999, NASD would expunge a record of an arbitration if directed to do so by the panel. But from 1999 until the effective date of rule 2130 in 2004, expungement would only occur if directed by a court (transcript at 11-13).
While the Attorney General has declined to take a position as to whether the application for confirmation is governed by the Federal Arbitration Act (FAA) or the CPLR, it is clear that this matter involving the sale of securities is governed by the FAA (Matter of Salvano v Merrill Lynch, Pierce, Fenner & Smith, 85 NY2d 173 [1995]; Morgan Stanley DW Inc. v Afridi, 13 AD3d 248 [1st Dept 2004]). However, the parties agree that the rules on confirmation under the FAA and the CPLR are essentially similar.
Although, as aforesaid, the Attorney General originally took the position that an arbitrator and the court lacked the power to direct an expungement, at the subsequent argument on September 26, after submissions by the amici curiae, his position was modified to contend that expungement could be ordered *375 provided that there had been a factual hearing before the arbitrator at which the claimant testified as to the wrongs asserted (transcript, Sept. 26, at 18, 39-44). He further maintained that the rule not only modified the confirmation rules of CPLR article 75, but also modified the FAA (transcript, Sept. 26, at 36, 43, 46). In the case at bar, the Attorney General contends that the matter should be remanded to an arbitrator for the aforesaid type of hearing, although it was indicated that the office of the Attorney General, not being a party to the contract providing for arbitration, does not seek to be a party before the arbitrator (transcript, Sept. 26, at 19, 24, 59).
This latter argument regarding the effect of the adoption of the rule was further modified at the subsequent oral argument of December 11, when the Attorney General declined to pursue the contention that the rule modified the FAA provisions with respect to confirmation (transcript, Dec. 11, at 8-10). Clearly, a regulation of NASD, even if approved by the SEC, cannot modify the FAA which was adopted through an act of Congress.
Regarding the specific provisions of the rule, at the oral argument of September 26, the Attorney General maintained that in order for a court to confirm an expungement award, the arbitrator must have made one of the three findings stated in paragraph (b) (1) thereof. However, it was subsequently acknowledged that from a “literal reading of the [rule] there is nothing that . . . tells the court what it must find or what the arbitrator must find for a court to confirm” (transcript, Dec. 11, at 32). The rule specifically states that the findings required by said paragraph (b) (1) are only relevant when a party is making an application to NASD (now FINRA) for it to waive the right to be joined as a party to an expungement confirmation application. Here, NASD is a named party and there was no application for a waiver made by petitioner.
FINRA has taken the position that under the rule it will waive the right to be a party in a confirmation application if the arbitrator made one of the aforesaid three findings (which he did in the case at bar), and that its intent in adopting the rule was to in no way affect the law with respect to the judicial confirmation of arbitration awards (transcript, Dec. 11, at 25-27). In this connection, it is noted that the Court of Appeals has “repeatedly held that the interpretation given to a regulation by the agency which promulgated it and is responsible for its administration is entitled to deference if that interpretation is not irrational or unreasonable” (Matter of Gaines v New York *376 State Div. of Hous. & Community Renewal, 90 NY2d 545, 548-549 [1997]).
Clearly, there is nothing in the rule that warrants the aforesaid interpretation urged by the Attorney General, who acknowledged that the State wanted a stronger version of the rule, but that “NASD got the version they wanted” (transcript, Dec. 11, at 31). But it was suggested at the conclusion of the argument (as a further modification of the Attorney General’s position) that the findings listed in paragraph (b) of the rule be considered by the court “for guidance, but not direction” (transcript, Dec. 11, at 44). But, traditionally, there is no mandate that an arbitrator give any reason for an award. Thus, for judicial confirmation, there is no requirement for the arbitrator to make any of the specific findings listed in the rule. (See Tilbury Fabrics v Stillwater, Inc., 81 AD2d 532 [1st Dept 1981], affd 56 NY2d 624 [1982]; Matter of RRN Assoc. [DAK Elec. Contr. Corp.], 224 AD2d 250 [1st Dept 1996].)
It is noted that NASD, which here urges confirmation of the award, was stated by the Court of Appeals in Rosenberg v MetLife, Inc. (8 NY3d 359 [2007]) to be
“a quasi-governmental entity that has been delegated authority to enforce the requirements of the Exchange Act and is the primary regulator of the broker-dealer industry . . . [and] [although the SEC has the power to regulate the NASD’s members, as a practical matter the bulk of the day-today regulation is generally delegated to the [NASD]” (at 366 [internal quotation marks omitted]), whose duties include the “protection of public interests” (at 368).
In Matter of Goldstein v Preisler (24 AD3d 441 [2d Dept 2005]), the Supreme Court did what the Attorney General urges be done here by confirming an award approving a settlement of a securities dispute, but declining to enforce the portion of the stipulated agreement providing for the expungement of the arbitration proceeding from the CRD records. The Second Department, in reversing such refusal, wrote:
“The Supreme Court erred in denying that branch of the petition which was to confirm the portion of the award which recommended expungement of the petitioners’ public registration records. Judicial review of an arbitrator’s award is extremely limited, and once an issue has been decided by an arbitrator, *377 questions of law and fact are not within the power of the judiciary to review, as they are merged into the award. The Supreme Court, by confirming part of the award and denying the branch of the petition which was to confirm the portion of the award which recommended expungement, engaged in an impermissible modification of the award that affected the substantive rights of the parties. Moreover, the arbitration award was based upon the stipulation of the parties. Stipulations of settlement are favored by the courts and will not be set aside on facts less than needed to avoid a contract, e.g., fraud, overreaching, mistake, duress, or some other ground of similar nature. At no time was the parties’ stipulation challenged on these or any other grounds. The Supreme Court therefore improperly substituted its own judgment for that of the parties when it denied that branch of the petition which was to confirm the portion of the arbitration award which recommended expungement of the petitioners’ public registration records.” (Id. at 442 [citations omitted].)
Although the then Attorney General did not seek to intervene in that case, since it is on “all fours” with the case at bar and there is no contrary First Department decision, the court feels bound by the determination therein. Accordingly, since no basis has been alleged to deny confirmation, other than the legal arguments of the Attorney General referred to above, petitioner’s motion to confirm the award is granted. In light of the foregoing, the application of the Attorney General to intervene is denied as moot.
However, the court must acknowledge that it has reservations about the existing law on the issues presented in this case, which resulted in the confirmation of an award on which the arbitrator gave no explanation for his factual finding. Interestingly, on December 14, 2007 (three days after the final oral argument herein), FINRA issued a press release indicating that its board of governors approved a rule proposal altering the manner in which applications for expungement are to be handled by its arbitration panels. The release stated the following:
“The Financial Industry Regulatory Authority (FINRA) announced today that its Board of Governors approved a rule proposal that would impose ex- *378 pungement procedures requiring arbitrators to take specific steps, including issuing a written explanation, before recommending expungement of information related to arbitration cases from a registered person’s Central Registration Depository (CRD) record. This proposal is designed to assure that ex-pungement occurs only when one of the narrow grounds specified in the FINRA rules — factual impossibility, no involvement by the registered person or falsity — is determined and documented by the arbitrators.
“The proposed rule would require arbitrators considering an expungement request to hold a recorded hearing session by telephone or in person and provide a brief written explanation of the reasons for ordering expungement. In cases involving a settlement, arbitrators would be required to review the settlement documents to evaluate culpability by examining the amounts paid to any party and any other terms and conditions of the settlement before awarding expungement.” (Financial Industry Regulatory Authority News Release, FINRA Board Approves Rule that Codifies Expungement Procedures for Arbitrators, Dec. 14, 2007, available at http:// www.finra.org/PressRoom/NewsReleases/ 2007NewsReleases/P037629.)
While, as noted above, the Attorney General has several times during this litigation altered his arguments on the issues presented, enactment of the proposed rule change by FINRA would clearly be in the public interest and would appear to be in accord with many of the objections with respect to the expungement procedure raised by the Attorney General.

 In addition to the argument held on April 27, 2007, oral arguments were subsequently held on September 26, 2007 and on December 11, 2007 after FINRA, the North American Securities Administrators Association, Inc. and the Securities Industry and Financial Markets Association requested the opportunity to submit papers as amici curiae. Transcript references are to the argument of April 27 unless otherwise noted.