Kaplan, Mitchell H., J.
The plaintiff, Thomas F. Nee, Jr., filed a complaint, which he captioned “Complaint for Expungement,” against the Financial Industry Regulatory Authority, Inc. (FINRA) seeking an order that all references to a claim lodged against him by customers of the brokerage firm for which he worked and the arbitrators’ award in favor of those customers be expunged from FINRA’s Central Registration Depository database (the CRD), a database used by brokerage firms, investors, and regulators to assess the complaint history concerning a broker or investment advisor. The case is before the court on FINRA’s motion to dismiss Nee’s complaint for failure to state a claim upon which the court can grant any relief to Nee. For the reasons that follow, FINRA’s motion is allowed.
BACKGROUND
FINRA is a private, self-regulatory organization (SRO) registered with the Securities and Exchange Commission (the SEC).[1] Under federal securities law, as an SRO, it plays a central role in the regulation of the securities industry. As applicable to this case, FINRA is required to “establish and maintain a system for collecting and retaining registration information” including “information reported in connection with the registration or licensing of brokers and dealers and their associated persons, including disciplinary actions . . . and arbitration proceedings . . .” See 15 U.S.C. §§78o-3(i)(l)(A) and (i)(5). FINRA collects this information on forms approved by the SEC and makes it available to the public.
FINRA has promulgated Rule 2080, which addresses the means by which information concerning a broker that is or would be maintained in the CRD may be expunged. It states, in relevant part:
(a) Members or associated persons seeking to expunge information from the CRD system arising from disputes with customers must obtain an order from a court of competent jurisdiction directing such expungement or confirming an arbitration award containing expungement relief.
(b) Members or associated persons petitioning a court for expungement relief or seeking judicial confirmation of an arbitration award containing expungement relief must name FINRA as an additional party and serve FINRA with all appropriate documents unless this requirement is waived pursuant to [reasons not relevant to this case].
In 2003, customers of the brokerage firm which then employed Nee asserted claims against Nee, two other employees, and the brokerage firm. They generally alleged that their investments had been mismanaged and sought compensatory damages. The claimants’ brokerage agreements contained arbitration provisions for claims of this kind, as is the practice in the securities industry. Nee and the other respondents filed a responsive pleading in the arbitration in which they contested the customers’ claims, requested that these claims be dismissed, and requested that the claims be expunged from their regulatory records.[2] An evidentiary hearing was convened before a panel of three arbitrators (the Panel). The Panel issued its decision (titled “Award”) on January 4, 2005. The Award was forwarded to Nee and the other respondents with a cover letter that informed them that the award was final and that it could only be challenged by means of a motion to vacate filed in a federal or state court of appropriate jurisdiction under the Federal Arbitration Act or applicable state act. No such motion was filed — until Nee filed the complaint that is now the subject of the instant motion.
As relevant to this case, the Award held that Nee, one of his colleagues, and the brokerage firm for which they worked were jointly and severally liable to the claimants for $187,628 in compensatory damages. As to the other respondent/employee, the arbitration panel recommended the “expungement of all reference to” the claim and the arbitration from his CRD, while noting that this respondent still must obtain confirmation of the expungement from a court of competent jurisdiction. Finally, the Award expressly stated that “all relief not specifically addressed herein is denied.”
Nee took no action to challenge the Award, either with respect to damages or the arbitration panel’s denial of his request for expungement of the claim from his records, until he filed the instant complaint six and half years later on July 6, 2011.
DISCUSSION
In his complaint, Nee complains that the Award did not explain the reasons for the Panel’s decision[3] and that the Panel erred in finding him liable to the claimants because, among other things, he had no direct dealings with the claimants. He asks the court to order FINRA to expunge any reference to the claim and the Award from his CRD, but never identifies on what basis this court might have jurisdiction to consider his request or the authority to order that relief.
In briefs and during oral argument on the pending motion, Nee directed the court’s attention to FINRA Rule 2080, which is quoted above. Nee seemed to suggest that this internal FINRA Rule gave the court jurisdiction over FINRA and the authority to vacate the decision that the arbitration Panel handed down in 2005. The court disagrees. Indeed, as discussed *439 below, were Rule 2080 to be so construed, it would conflict with (i) the statutory requirement that arbitration awards will be confirmed unless a prompt motion to vacate is filed with the court and (ii) the long established doctrines of res judicata and issue preclusion. In support of his contention, Nee has directed the court to a number of Massachusetts Superior Courts in which a broker has successfully sought an expungement order from a trial court. However, every one of those cases involved actions filed under G.L.c. 251, §11 (a section of the Uniform Arbitration Act) in which the plaintiff/broker sought to confirm an arbitration award in favor of the broker in which the arbitrators recommended expungement. Nee also cited Matter of Kay v. Abrams, 19 Misc.3d 371; 853 N.Y. S.2d 862 (2008), for the same purpose; but, that is also a case in which a New York trial court was asked to confirm an arbitration award recommending ex-pungement, and the NASD urged confirmation as well. Finally, and curiously, Nee cites a decision from the United States District Court, In the Matter of Lickless, 2011 WL 2471022 (N.D.Cal., June 22, 2011), in support of his position. That case did involve a broker’s request that old claims be expunged from his CRD. However, in that case, the District Court came to the same conclusion as this court concerning Rule 2080: “While FINRA Rule 2080 addresses expungement, it only sets for procedures, not a substantive duty.” Id. at 4. As a court of limited jurisdiction, the Lickless court held that there was no federal question presented by the case and that it had no jurisdiction over the broker’s claim, whatever that claim might be.[4]
In Nee’s responsive pleading to the claims asserted against him in the arbitration, Nee expressly requested that the arbitration panel “issue an order expunging this claim” from FINRA’s records. The section in the panel’s decision entitled “Relief Requested” expressly notes that Nee had prayed for that relief. After the evidentiary hearing, the panel found Nee liable for compensatory damages and denied his request for expungement. He now asks this court to vacate the denial of his request for expungement and, presumably, on some basis, order expungement. Under G.L.c. 251, §12(b), an application by a party to an arbitration to vacate an award “shall be made within thirty days after delivery of a copy of the award to the applicant.” In Bernstein v. Gramercy Mills, Inc., 16 Mass.App.Ct. 403, 409 (1983), the Appeals Court commented that “[t]he arbitration statute aims to flush out objections to awards with dispatch,” and then quoted from Chauffeurs, Teamsters, Warehousemen & Helpers Local No. 135 v. Jefferson Trucking Co., 628 F.2d 1023, 1027 (7th Cir. 1980): “[T]he purpose of the short periods prescribed in the federal and state arbitration statutes for moving courts to vacate an award is to accord the arbitration award finality in a timely fashion.” Id. In the present case, Nee asks this court to vacate the Panel’s decision seven years after it was rendered. That request flies in the face of this well-established, statutory principle that any objections to an arbitration award must be promptly asserted. FINRA Rule 2080 simply cannot be read to provide an exception to this basic uniform tenet of arbitration law.
Moreover, matters fully litigated in arbitration are entitled to the same res judicata effect as if they had been litigated in a court of competent jurisdiction or before an administrative agency. See TLC Construction Corp. v. A. Anthony Tappe & Associates, Inc., 48 Mass.App.Ct. 1, 4 (1999) (applying res judicata effect to a construction arbitration). “The term ‘res judicata’ includes both claim preclusion and issue preclusion . . . The doctrine of issue preclusion prevents relitigation of an issue determined in an earlier action where the same issue arises in a later action, based on a different claim, between the same parties or their privies. It requires proof that (1) there was a final judgment on the merits in the prior adjudication; (2) the party against whom estoppel is asserted was a party (or in privity with a party) to the prior adjudication; and (3) the issue in the prior adjudication is identical to the issue in the current adjudication. Additionally, the issue decided in the prior adjudication must have been essential to the earlier judgment.” Id. at 4-5. Clearly, Nee asked the arbitration panel to find that he was not liable to the claimants and to order expungement. After trial, the panel ruled adversely to him on both requests. Nee now asks this court to reconsider one of the two issues expressly resolved by the Panel. However, that matter was “deemed arbitra-ble and [was] in fact arbitrated,” it cannot be collaterally attacked in a new complaint. Id. “The prior arbitration constitutes a final judgment on the merits. An arbitration award has the requisite finality for res judicata purposes because it can be ‘enforced as any other judgment or decree.’ G.L.c. 251, §14 . . . ‘When arbitration affords opportunity for presentation of evidence and argument substantially similar in form and scope to judicial proceedings, the award should have the same effect on issues necessarily determined as a judgment has.’ Bailey v. Metropolitan Property & Liab. Ins. Co., 24 Mass.App.Ct. at 36-37, quoting from Restatement (Second) of Judgments §84 comment c.” Id. at 9.
FINRA Rule 2080 sets out a procedure by which an arbitration panel’s recommendation that the reference to a customer complaint may be expunged from a broker’s record. It also provides a mechanism for expungement if, after a claim is lodged with FINRA, a settlement is reached outside of arbitration. It does not provide a substantive right that overrides settled principles of res judicata that give finality to the decision of arbitrators, unless an aggrieved party to that arbitration promptly moves to have the award vacated.
Nee’s complaint seeking expungement of a claim and adverse arbitration award issued some six and a half years before the complaint was filed simply fails *440 to state any manner of claim on which relief may be granted by this court, whether viewed as a motion to vacate an arbitration award filed more than six years too late or as a separate complaint intended to collaterally attack the award.
ORDER
For the foregoing reasons, FINRA’s motion to dismiss is ALLOWED. Final judgment shall enter dismissing the complaint.

During some of the period relevant to this case, FINRA’s name was the National Association of Securities Dealers, Inc. (NASD). For simplicity, the court will refer to the defendant as FINRA.

FINRA has attached copies of the pleadings filed in the arbitration to its motion to dismiss. As the complaint attaches a copy of the arbitration award, the court concludes that it may consider copies of the pleadings filed in the arbitration without converting this motion into a motion for summary judgment. The court further notes that (1) the information referenced in this memorandum can also be gleaned from the summary of the case recited in the Award; and (2) for the reasons that follow, in many respects this complaint is more in the nature of a very untimely motion to vacate an arbitration award under G.L.c. 251, §12, rather than a stand-alone cause of action. Such motions are neither motions to dismiss nor motions for summary judgment, and the court can look at relevant, authentic records when considering them. See G.L.c. 251, §15: “an application to the court under this chapter shall be by motion and shall be heard in the manner and upon the notice proved by law or rule of court for the making and hearing of motions.”

While not material to this decision, it may be noted that “(t]here is no requirement in G.L.c. 251 (the Uniform Arbitration Act) that the arbitrator give a statement of reasons for his decision, setting forth findings of fact and conclusions of law. Where the parties have received what they agreed to take, the honest judgment of the arbitrator as to a matter referred to him, the law is clear that the award is binding, and thus free from judicial interference, in the absence of fraud.” Trustees of Boston & Maine Corp. v. Mass. Bay Transp. Authy., 363 Mass. 386, 390 (1973) (internal citations and quotations omitted).

The case was remanded to a state court, which dismissed the complaint.