■ In the Matter of the Arbitration between WOLFF & MUNIER, INC., Appellant, and DIESEL CONSTRUCTION COMPANY (a Division of CARL A. MORSE, INC.) et al., Respondents.— Order, Supreme Court, New York County, entered December 10, 1973, granting a motion for reargument and vacating prior decisions and judgment and vacating the arbitrators' award of June 12, 1973, and denying a motion to confirm the award and remanding the matter for a new hearing before different arbitrators, reversed, on the law, without costs and without disbursements, and the prior order and judgment (one paper), entered September 26, 1973, which confirmed the arbitrators' award as modified, reinstated. When this matter was before the court previously (41 A D 2d 618), it was remanded to the original arbitrators because two of the issues were disposed of imperfectly. One of said issues with respect to a payment schedule is now moot in view of the fact that no further work is contemplated. The other issue, the disposition of $138,500 and whether it had previously been paid, has now been determined and it is encompassed in the new award as an item to be paid. The previous decision of this court did not interdict the arbitrators from again expressing their previous conclusions. What it did was to authorize them to reconsider the matter where their earlier modification award seemed to go to substance, rather than merely correct a deficiency of form, which they could not do when they were *functus officio*. In accordance with our directive, they have now made a final determination, and no valid purpose would be served in referring the matter back or to new arbitrators. This matter has been in this court a number of times and has been given extensive consideration by the arbitrators and in the Supreme Court. If there is disagreement with the conclusions of the arbitrators, it does not affect their powers or the finality of the award. (See *Matter of Associated Teachers of Huntington* v. *Board of Educ., Union Free School Dist. No. 3, Town of*

*Huntington*, 33 N Y 2d 229, 235.) Concur — Markewich, J. P., Kupferman, Capozzoli and Lynch, JJ.,; Murphy, J., dissents in the following memorandum: I cannot vote to confirm the modified award since, as Special Term correctly noted, there has still been no definitive finding made as to whether appellant was paid the sum of $138,500, as respondents contend. The award merely states that appellant "is entitled" thereto. This is neither responsive to our prior remand (41 A D 2d 618) nor dispositive of this sole remaining issue. However, in view of the familiarity of the original arbitrators with this bitterly contested and now unduly protracted proceeding, I would remand this single question back to them for disposition rather than refer it to a new panel, as Special Term directed.