■ BURTON I. LEVINE, Respondent, v ARTHUR O. KLEIN, Appellant.—Order and judgment (one paper), Supreme Court, New York County, entered July 17, 1978, confirming an arbitrator's award of the American Arbitration

Association in favor of petitioner and disallowing respondent-appellant's counterclaim, unanimously modified, on the law, only to the extent of remanding the matter to the arbitrator to consider on the merits that branch of appellant's posthearing motion made pursuant to CPLR 7509, which sought modification of the award upon the ground that there had been a miscalculation of figures, and otherwise affirmed, without costs or disbursements on the appeal. Order, entered December 6, 1978, denying appellant's motion to vacate the judgment confirming the arbitrator's award, unanimously affirmed, without costs or disbursements. We are in agreement with Special Term that the proof offered on the motion to vacate was insufficient to constitute newly discovered evidence under CPLR 5015 (subd [a]). Moreover, newly discovered evidence is not a competent ground for vacating an arbitrator's award (Matter of Ganser [New York Tel. Co.], 41 AD2d 914, affd 34 NY2d 717; Kwasnik v Willo Packing Co., 61 AD2d 791). The exclusive grounds for vacating such an award are set forth in CPLR 7511, and do not include newly discovered evidence as a basis for such relief. We also agree with Special Term in rejecting all but one of the objections raised in opposition to the application to confirm the award. Appellant's contention that the arbitration should have proceeded before three arbitrators instead of one lacks merit. The partnership agreement provides for arbitration before "the arbitrator or arbitrators" in accordance with the rules of the American Arbitration Association (AAA). Section 16 of the AAA's Commercial Arbitration Rules provides for arbitration before one arbitrator if the agreement does not specify otherwise, "unless the AAA, in its discretion, directs that a greater number of Arbitrators be appointed." There is no showing here sufficient to find any abuse of discretion. Nevertheless, we do find error in refusal of the AAA to permit the arbitrator to consider on the merits so much of appellant's posthearing motion to modify the award pursuant to CPLR 7509, as alleged that the award had been improperly calculated. Appellant asserted, inter alia, that the arbitrator had erred in computing the award (CPLR 7511, subd [c], par 1), when he failed to take into account a deduction for bad debts, payment of taxes and reimbursement of a prepaid insurance policy. The AAA denied the application upon the ground that an award having been rendered, the arbitrator was functus officio. To the contrary, the law is clear that after rendition of an award, the arbitrator is functus officio, "except for the purpose of entertaining an application, made within 20 days, to correct a deficiency of form or a miscalculation of figures or to eliminate matter not submitted. (CPLR 7509, 7511, subd. [c].)" (Matter of Wolff & Munier [Diesel Constr. Co.], 41 AD2d 618, after remand to arbitrators 44 AD2d 530, affd 36 NY2d 750). CPLR 7509 requires that the arbitrators dispose of such application "in writing, signed and acknowledged by them". The procedure followed by the AAA, however, did not conform to the statute. Accordingly, we find error in the failure of the AAA to permit the arbitrator to consider so much of the posthearing motion by which appellant sought to raise the alleged mistake or miscalculation in the award. We therefore find it appropriate to remand the matter to the arbitrator to afford him an opportunity to consider that issue. Concur—Kupferman, J. P., Birns, Fein, Lupiano and Ross, JJ.