■    In the Matter of the Arbitration between SAMUEL R. SCHWARTZ, Appellant, and AMERICAN SWIM POOLS, DIV. OF URBAN-SUBURBAN RECREATION, INC., Respondent.—In a proceeding to stay arbitration, petitioner appeals from a judgment of the Supreme Court, Nassau County, dated July 17, 1979, which denied the application. Judgment reversed, on the law, with $50 costs and disbursements, and application to stay arbitration granted. Cases involving public policy considerations which are "embodied in statute or decisional law" and which "prohibit, in an absolute sense," the granting of the relief sought, should not proceed to arbitration for the resolution of the issues (Matter of Sprinzen [Nomberg], 46 NY2d 623, 631). Section 21-11.2 of the Nassau County Administrative Code bars home improvement contractors from operating without a license. The purpose of the requirement is to protect the public (Nassau County Administrative Code, § 21-11.0). Public

policy considerations forbid enforcement of a contract in violation of the code or even the granting of *quantum meruit* relief *(Segrete v Zimmerman,* 67 AD2d 999; *Buffoleno v Denning,* 82 Misc 2d 472). Here, an unlicensed contractor is seeking enforcement of a home improvement contract in arbitration. Under such circumstances, the application for a stay of arbitration should have been granted. Rabin, J. P., Cohalan, O'Connor and Weinstein, JJ., concur.