OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
The three Cassone brothers owned equal shares in the stock of several closely held corporations and equal interests in a partnership. The brothers executed an agreement dated December 20, 1978 governing their rights and relations with respect to the four businesses, denominated the Corporation. The agreement obligates the Corporation on the death of any of the brothers to purchase and the decedent’s estate to sell all the decedent’s stock to the Corporation. The contract contains a broad arbitration clause covering any dispute under the agreement.
Following Domenick Cassone’s death in September of 1982, his estate rejected an offer by the Corporation to buy his shares and demanded payment of certain bonuses and dividends. Negotiations to resolve the dispute proved fruitless, and appellants, executors of the estate, thereafter *758 commenced this proceeding to compel respondents to submit to examinations and produce their records to aid in bringing an action to obtain an accounting and appropriate distribution of the Corporation’s profits and dividends. Respondents served a demand for arbitration and moved to direct the parties to proceed to arbitration and to stay all further judicial proceedings pending arbitration. Appellants cross-moved to stay arbitration asserting three claims that the arbitration agreement was invalid. Supreme Court referred the motions for a hearing on whether there was a valid agreement to arbitrate, and the Appellate Division reversed, directed the parties to proceed to arbitration and stayed further judicial proceedings.
Appellants’ first claim that the arbitration agreement is invalid is that the contract was prepared by a single attorney who represented all parties as well as being counsel to the Corporation and Rocco Cassone, and that the document did not constitute a true meeting of the minds of all the parties. To the extent that the first branch of this claim may be said to raise an issue with respect to the validity of the arbitration agreement (which could be decided by the court on a motion to compel or stay arbitration pursuant to CPLR 7503, subd [a]), appellants have failed to raise a “substantial question” in the absence of elaboration. Any issue as to the validity of the substantive provisions of the contract (including its failure to reflect a meeting of the minds) would be for the arbitrator (see Matter of Weinrott [Carp], 32 NY2d 190, 198). Appellants’ bare allegation of joint representation would not warrant a hearing to invalidate the arbitration clause in the absence of some allegation of conflict of interest or overreaching (cf. Levine v Levine, 56 NY2d 42, 48; Code of Professional Responsibility, EC 5-15).
The other two asserted bases for invalidating the agreement to arbitrate — that the agreement was abandoned or terminated — involve issues which must be resolved by the arbitrator. Both of these grounds involve matters which postdate the existence of a valid agreement and do not affect arbitrability. Abandonment of the contract “is a question intimately related to performance because, a fortiori, it is premised on the nonfulfillment of *759 contractual obligations and the failure to accomplish the terms of the agreement”, and thus it must be decided in arbitration (Matter of Macy & Co. [National Sleep Prods.], 39 NY2d 268, 271; see I. J. S. Fabrics v Dan River, Inc., 56 NY2d 755, affg on 81 AD2d 525). Appellants argue that the contractual obligations involved here (taking out insurance on the lives of the contracting parties, annually executing a schedule of the value of the businesses, and inserting an endorsement on all shares of stock in the Corporation that they are subject to the terms of the agreement) are conditions precedent and that compliance with them is a question for the court (see Matter of County of Rockland [Primiano Constr. Co.], 51 NY2d 1). Only conditions precedent to access to the arbitration forum, however, are for the court to determine, and the obligations relied on here relate only to substantive duties under the contract.
Termination of the contract’s substantive obligations and replacement of it with a new agreement are issues which similarly involve conduct of the parties subsequent to the contracting which are to be decided by the arbitrator (Matter of Schlaifer v Sedlow, 51 NY2d 181; Matter of Riccardi [Modern Silver Linen Supply Co.], 36 NY2d 945, 947; Matter of Lipman [Haeuser Shellac Co.], 289 NY 76, 79-81). Termination is a question for the arbitrator unless the asserted replacement agreement relates to the arbitration clause in the original agreement (Matter of Schlaifer v Sedlow, supra). The alleged replacement agreement relied on here provided that each brother would nominate one son to succeed to his father’s interests in the businesses on the father’s death. This agreement relates only to the substantive obligations created by the original contract and does not refer to the arbitration clause. Thus, the Appellate Division properly granted the motion to compel arbitration and denied the motion to stay arbitration.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs, in a memorandum.