■ J. GRAY BEVERLEY, Respondent, v MICKELBERRY CORPORATION, Appellant.—Order of the Supreme Court, New York

County (Irma Vidal Santaella, J.), entered January 13, 1989, denying the defendant's motion for summary judgment, unanimously affirmed, without costs or disbursements.

The plaintiff and the defendant entered into a letter agreement on June 13, 1972, wherein plaintiff's services were described as "identifying certain acquisition candidates and bringing them to the attention of the [defendant]". After naming a particular acquisition candidate, the agreement, drafted by the defendant's chairman, James Marlas, who is an attorney, "confirm[ed] that you [plaintiff] are entitled to a commission in the event that the acquisition of that Company by [defendant] is consummated". A sliding-scale commission based upon purchase price is thereafter specified. Periodically, until July 1973, Mr. Marlas amended the agreement to include more than 100 additional acquisition candidates under the provisions of the June 13, 1972 agreement. In the period 1980-1981 defendant, through subsidiaries, acquired three of the "acquisition candidates", but did not pay plaintiff commissions. This lawsuit followed.

Defendant moved for summary judgment alleging that the agreement, which also specified that plaintiff would "spend some time monitoring the acquisition * * * [as] part of your responsibility as a finder", required, as a condition precedent to the payment of a commission, that the acquisition of a targeted company result from the plaintiff's continuing and direct efforts. We recognize that ordinarily that is the understanding between the parties to a "finder fee" agreement (e.g., Simon v Electrospace Corp., 28 NY2d 136; Seckendorff v Halsey, Stuart & Co., 234 App Div 61, revd on other grounds 259 NY 353; Karelitz v Damson Oil Corp., 820 F2d 529). However, parties may, in particular circumstances, reach a specific understanding that a finder's commission will be payable even if the finder's efforts are not a direct or procuring cause of the acquisition.

We find that the contract is ambiguous on this point and that the surrounding circumstances which might shed light upon the parties' intent are in sharp dispute. We, accordingly, affirm the IAS court's order denying defendant's motion for summary judgment (see, Janos v Peck, 21 AD2d 529, 535-536, affd 15 NY2d 509). Concur—Ross, J. P., Asch, Kassal, Wallach and Smith, JJ.