■ BARRISTER REFERRALS, LTD., Respondent, v WINDELS, MARX, DAVIES & IVES, Appellant, et al., Defendant.—Order and judgment of the Supreme Court, New York County (Beatrice Shainswit, J.), entered September 25, 1989 and January 10, 1990, respectively, which awarded plaintiff summary judgment on its first cause of action in the sum of $33,000, unanimously reversed, on the law, and the motion for summary judgment is denied, without costs.

Plaintiff, a search firm which places lawyers with law firms for a commission, entered into a finder's fee agreement dated May 21, 1986 with defendant law firm Windels, Marx, Davies & Ives (WMD&I) pursuant to which WMD&I agreed to compensate plaintiff if, as a result of negotiations initiated between defendant Detlef G. Lehnardt, Esq. and the firm, he became a member of the firm. Plaintiff's compensation for bringing Lehnardt to WMD&I's attention was to be 5% of Lehnardt's average annual billings for the last three preceding years as shown on his previous firm's financial statements or similar records, the fee not to exceed $33,000.

The negotiations which took place between Lehnardt and WMD&I in 1986 were terminated as a result of certain conflicts which existed between a client of Lehnardt and a client of WMD&I. WMD&I alleged that it notified plaintiff of

the termination of its negotiations with Lehnardt and of its decision to terminate its relationship with plaintiff. In January of 1989, Lehnardt became a partner at WMD&I and plaintiff sued to recover its fee.

Plaintiff moved for summary judgment claiming that the only event triggering WMD&I's liability occurred when Lehnardt became a member of the firm. WMD&I maintained that Lehnardt contacted the firm in late 1988 and that plaintiff played no part in the negotiations which ensued. The firm also claimed that its discussions with Lehnardt in 1988 were not a mere resurrection of the negotiations which took place in 1986 and that the terms upon which Lehnardt joined the firm differed from the terms discussed in 1986. The Supreme Court awarded plaintiff summary judgment on its first cause of action based on the finder's fee agreement.

It is for the jury to determine whether a connection can be traced between plaintiff's initial introduction of Lehnardt to WMD&I and the termination of the entire transaction some two years later (see, Simon v Electrospace Corp., 28 NY2d 136, mot to clarify opn and amend remittitur denied 28 NY2d 809; Seckendorff v Halsey, Stuart & Co., 234 App Div 61, revd on other grounds 259 NY 353). While parties may, in certain circumstances, reach a specific understanding that a finder's commission will be payable even if the finder's efforts are not a direct or procuring cause of acquisition, the contract herein is ambiguous on this point and the intent of the parties cannot be clearly discerned from the surrounding circumstances (Beverley v Mickelberry Corp., 161 AD2d 292; cf., De Fren v Russell, 71 AD2d 416). Accordingly, it was error to grant plaintiff's motion for summary judgment on its first cause of action. Concur—Rosenberger, J. P., Asch, Kassal, Wallach and Smith, JJ.