■ In the Matter of the Arbitration between HIRSCH CONSTRUCTION CORP., Respondent, and DOUGLAS ANDERSON, Appellant.—Order and judgment (one paper), Supreme Court, New York County (William J. Davis, J.), entered May 17, 1991, which, *inter alia,* granted petitioner's application to confirm an arbitration award, unanimously affirmed, with costs.

Respondent contends that the award violates a strong public policy of this State in that it includes an amount allegedly owing to petitioner for work performed during a period when petitioner was unlicensed as a home improvement contractor.

Although an arbitration award violative of public policy will be vacated, the courts "must exercise due restraint in this regard, for the preservation of the arbitration process and the policy of allowing parties to choose a nonjudicial forum, embedded in freedom to contract principles, must not be disturbed by courts, acting under the guise of public policy, wishing to decide the dispute on its merits, for arguably every controversy has at its core some issue requiring the application, or weighing, of policy considerations." *(Matter of Sprinzen [Nomberg],* 46 NY2d 623, 630.)

Thus, before vacating the award, "the courts must be able to examine an arbitration agreement or an award on its face, without engaging in extended fact-finding or legal analysis, and conclude that public policy precludes its enforcement." *(Supra,* at 631; *see also, Matter of Silverberg [Schwartz],* 75 AD2d 817, 818.)

Applying these principles, we agree with the IAS court's finding that there is nothing on the face of the award to indicate that it violates the public policy against recovery by unlicensed home improvement contractors. Since the award does not contain any findings by the arbitrators as to whether petitioner was, in fact, a home improvement contractor, as to whether and when the petitioner obtained its license, and whether and how much of the award is attributable to work performed after petitioner's license had temporarily lapsed,

resolution of the claimed conflict with public policy cannot be resolved without engaging in precisely that "extended factfinding or legal analysis" which *Matter of Sprinzen (Nomberg) (supra,* at 631) directs courts to avoid *(see, e.g., Matter of Town of Haverstraw [Rockland County Patrolmen's Benevolent Assn.],* 65 NY2d 677, 678; *Matter of Board of Educ. [McGinnis],* 100 AD2d 330, 335).

We have considered respondent's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Carro, Rosenberger, Wallach and Rubin, JJ.