In the Matter of the Arbitration between HIRSCH CONSTRUCTION CORP., Appellant, and BRIAN COOPER et al., Respondents.

First Department, June 30, 1992

## APPEARANCES OF COUNSEL

*Andrew W. Goldwater* of counsel *(Friedman & Kaplan,* attorneys), for appellant.

*Robert W. Forman* of counsel *(Greenberger & Forman,* attorneys), for respondents.

## OPINION OF THE COURT

SULLIVAN, J. P.

This appeal is from the vacatur of an arbitration award on the ground that the underlying dispute was not subject to arbitration because the agreement to arbitrate was void as part of a "home improvement" contract entered into before the requisite home improvement contractor's license had been obtained. Since the lack of a license was never submitted to the arbitrators, the belated proffer of such evidence should have been rejected on the well-settled rule that newly discovered evidence does not constitute a ground for challenging an arbitration award. Nor should the court have gone beyond the face of the award on a fact-finding mission and analysis and substituted its own view of the merits in determining that the award was against public policy.

In a written agreement dated June 23, 1988, Hirsch Construction Corp. (HCC), a small construction company, contracted with respondents, Brian and Karen Cooper, to perform the construction work in the renovation of their townhouse at 123 East 91st Street in Manhattan. The contract, which called for HCC to be paid the cost of its work up to a guaranteed maximum of $478,000, inclusive of a contractor's fee of $70,000, plus the agreed-upon price of any change orders, contained a clause providing for the arbitration of "[a]ll claims, disputes and other matters in question" between HCC and respondents arising out of or relating to the contract documents or the breach thereof.

In June 1989 HCC served on respondents a demand for arbitration of all contract disputes between the parties, seek-

ing an award of $196,268 plus interest. Eventually, after commencing their own lawsuit and expressly invoking a June 29, 1989 stipulation between them and HCC providing for a dismissal of the lawsuit and submission of their claim to arbitration, respondents served their own demand for arbitration seeking damages "of at least $211,500." After four days of hearings and the submission of briefs in support of the parties' respective positions, the arbitrators awarded HCC $97,532, with interest from May 1, 1989, and denied respondents' claims in their entirety.

The parties thereafter moved and cross-moved respectively to confirm and vacate the award; respondents sought vacatur solely on the ground that the arbitrators committed " 'misconduct' " by refusing their request to recall Henry Jessup, respondents' architect, as a witness. On November 1, 1990, four months after the issuance of the award, respondents' attorney wrote to the court advising that he had just learned that HCC did not have a home improvement contractor's license at the time the June 23, 1988 contract was signed. He argued that, since Administrative Code of the City of New York § 20-387 requires home improvement contractors to be licensed prior to soliciting, obtaining or performing a home improvement contract, the agreement violated the public policy against enforcing illegal contracts and the award should therefore be vacated. HCC's principals submitted affidavits setting forth the details of its home improvement contractor's license application, including the fact that HCC was not approved for such license until August 30, 1988. The court granted confirmation, rejecting the misconduct claim and, with respect to the licensing issue, following the rule that " '[N]ewly discovered evidence is not a competent ground for vacating an arbitrator's award" (quoting, *Levine v Klein,* 70 AD2d 532, 533).

In a May 1, 1991 "interim order," the court granted reargument, holding that from the face of the award the issue of licensing was "so inextricably intertwined as necessarily to entail a potential facial conflict" with the public policy with respect thereto. Pursuant to the court's invitation, HCC submitted additional material, which showed that the arbitrators had evidence before them from which they could have concluded that the home improvement licensing provisions did not apply to the transactions underlying the award. In particular, evidence was presented showing that in early December 1988, more than three months after HCC obtained its license,

the parties negotiated a new agreement superseding the original one and that, thereafter, HCC incurred damages of at least $166,688 not attributable to "home improvement work" within the meaning of the New York City contractor licensing regulations. In their submission, respondents denied that the parties entered into a superseding agreement or that HCC sustained damages other than through home improvement work.

The court vacated the award, holding that "given that the arbitration was pursuant to an arbitration provision in a void contract, the arbitration must fall". It also found that HCC had independent claims that survive the lack of license defense and could be pursued in a plenary action. This appeal followed. We reverse and confirm the award.

There is a well-settled rule prohibiting challenges to arbitral awards on the basis of newly discovered evidence. *(Matter of Central Gen. Hosp. v Hanover Ins. Co.,* 49 NY2d 950, 951; *see, Levine v Klein, supra,* 70 AD2d 532.) Without such a rule, "the arbitration award would be the beginning rather than the end of the controversy and the protracted litigation which arbitration is meant to avoid would be invited." *(Matter of Mole [Queen Ins. Co.],* 14 AD2d 1, 3.) The grounds for vacating an arbitration award, set forth in CPLR 7511 (b), are exclusive *(Integrated Sales v Maxell Corp.,* 94 AD2d 221, 224) and newly discovered evidence is not one of them *(Matter of Mole [Queen Ins. Co.], supra,* at 2).

Thus, since the lack of a license was newly discovered evidence which was not before the arbitrators, the award cannot be challenged on this basis and the public policy argument that home improvement contractors must be licensed, which relies on this evidence, must fail. This is not to say, as does our concurring colleague, that we are favoring one public policy, i.e., upholding arbitration awards, over another, that home improvement contractors be licensed. Suffice to say, these two distinct public policies are not in competition in this case for the simple reason that the licensure issue was not before the arbitrators.

A case more illustrative than this of the wisdom of the rule prohibiting judicial vacatur of arbitration awards on the basis of newly discovered evidence could hardly be imagined. The IAS court's acceptance of new evidence led to further litigation as to the applicability of the home improvement contractor licensing provision to the underlying transaction, whether

the parties had entered into a new agreement after HCC obtained its license and whether the award could be sustained as a recovery for damages not attributable to home improvement work. The court even invited yet another round of litigation by finding that HCC had claims, independent of the lack of license defense, which could be pursued in a plenary action. The court's acceptance of the new evidence thus marked "the beginning rather than the end of the controversy" *(supra,* at 3).

Nor, contrary to respondents' argument, do we discern any exception to the rule barring newly discovered evidence challenges to arbitral awards where such evidence bears on a public policy defense. Indeed, no judicial support for such an exception has been cited. While a challenge to the arbitrability of an issue on public policy grounds may be made for the first time on a motion to vacate the award *(Hirsch v Hirsch,* 37 NY2d 312, 315; *see also, Matter of Niagara Wheatfield Adm'rs Assn. [Niagara Wheatfield Cent. School Dist.],* 44 NY2d 68, where the Court of Appeals held that the issue of whether a contract provision is void as against public policy may be raised for the first time on appeal), in both *Hirsch v Hirsch* and *Niagara Wheatfield,* although the public policy issue was not raised in the arbitration proceeding, the arbitrators had before them the evidence on which the issue turned. Here, however, respondents seek not merely to vacate the award on public policy grounds, but to do so on the basis of newly discovered evidence which was not before the arbitrators.

Moreover, as we recently held in a case involving the same contractor, the courts will not vacate an arbitration on public policy grounds where, as here, there "is nothing on the face of the award to indicate that it violates the public policy against recovery by unlicensed home improvement contractors." *(Matter of Hirsch Constr. Corp. [Anderson],* 180 AD2d 604, 604; *see also, Matter of Sprinzen [Nomberg],* 46 NY2d 623, 631.)

Even if there was evidence before the arbitrators that HCC did not have a license at the time the parties entered into the original contract, HCC would not necessarily be barred from recovery, since it alleges that its claims relate to work performed after it obtained a license. *(See, Todisco v Econopouly,* 155 AD2d 441, 442.)

Accordingly, the order/judgment (one paper) of the Supreme Court, New York County (Diane A. Lebedeff, J.), entered

November 27, 1991, should be reversed, on the law, without costs or disbursements, and petitioner's motion to confirm the award granted and respondents' cross motion to vacate the award denied.

MILONAS J. (concurring), I disagree with the majority's conclusion that the public policy in favor of upholding arbitration awards whenever possible takes precedence over the public policy that a home improvement contractor must be licensed. Moreover, "a challenge to the arbitrability of an issue on public policy grounds may be made either on an application for a stay of arbitration * * * or * * * on a motion to vacate the award" *(Hirsch v Hirsch,* 37 NY2d 312, 315; *see also, Matter of Niagara Wheatfield Adm'rs Assn. [Niagara Wheatfield Cent. School Dist.],* 44 NY2d 68, which states that a court may find on its own motion that a contract is void as against public policy). However, I am constrained by reason of *Matter of Hirsch Constr. Corp. (Anderson)* (180 AD2d 604), and *Matter of Neirs-Folkes, Inc. (Drake Ins. Co.)* (75 AD2d 787, *affd* 53 NY2d 1038) to concur with the majority's determination.

ROSENBERGER, ELLERIN and KASSAL, JJ., concur with SULLIVAN, J. P.; MILONAS, J., concurs in a separate opinion.

Order and judgment (one paper) of the Supreme Court, New York County, entered November 27, 1991, reversed, on the law, without costs or disbursements, and petitioner's motion to confirm the award granted and respondents' cross motion to vacate the award denied.