■ In the Matter of INSTITUTO DE RESSEGUROS DO BRASIL, Appellant, v FIRST STATE INSURANCE COMPANY, Respondent. [634 NYS2d 79] —Judgment, Supreme Court, New York County (Alice Schlesinger, J.), entered November 17, 1994, which, *inter alia*, granted respondent First State Insurance Company's application to confirm an arbitration award, dated February 25, 1994, unanimously affirmed, with costs.

The IAS Court properly confirmed and entered judgment upon the February 25, 1994 Arbitration Award ("the Second Award"), which incorporated by reference the terms of the arbitration panel's unanimous October 5, 1992 Arbitration Award ("the First Award"), although the Second Award was signed by only one of the three original arbitrators.

Arbitration is essentially a creature of contract in which the parties themselves charter a private tribunal for the resolution of their disputes and are free to enlarge, restrict, modify, amend or terminate their agreement to arbitrate (*Matter of Schlaifer v Sedlow*, 51 NY2d 181, 185; *Matter of Astoria Med. Group [Health Ins. Plan]*, 11 NY2d 128, 132). Although CPLR 7506 (e) explicitly requires that a "majority" of the arbitrators render an award, nevertheless, CPLR 7506 (f) permits fewer than a majority to render an award if the parties agree to waive the majority requirement in writing.

The record reveals that the parties herein specifically agreed, in writing, to waive the majority requirement pursuant to CPLR 7506 (f) in the event of the demise of any of the panel members and that in the event of a deadlock between the remaining two members, "any remaining Panel members" could execute a valid award. The panel umpire's resignation based upon ill health and advanced age was therefore the equivalent of his "demise" for the purpose of any arbitral

proceedings and thereby triggered petitioner's written agreement to abide by a final award signed by "any remaining Panel members" (*see, Matter of American Eagle Fire Ins. Co. [New Jersey Ins. Co.],* 240 NY 398, 410).

The IAS Court correctly determined that in making the Second Award, the arbitration panel was not permitted to reconsider any prior findings. In the June 21, 1993 order, which was unanimously affirmed by this Court (200 AD2d 548), the IAS Court refused to confirm the First Award in the underlying proceeding on the ground of non-finality with respect to one issue, the calculation of premium payments, and remanded the unresolved premium issue to the same panel for a full award. As that issue has now been resolved, the award is final and was properly confirmed.

The discovery of new evidence after an award has been rendered is not ground for vacatur of the award under CPLR 7511 (b) (*Matter of Central Gen. Hosp. v Hanover Ins. Co.,* 49 NY2d 950, 951; *Karlan Constr. Co. v Burdick Assocs. Owners Corp.,* 166 AD2d 416, 417), and "The purpose and nature of arbitration are wholly incompatible with the entertaining of motions for a rehearing on the ground of newly discovered evidence" since "the arbitration award would be the beginning rather than the end of the controversy and the protracted litigation which arbitration is meant to avoid would be invited" (*Matter of Mole [Queen Ins. Co.],* 14 AD2d 1, 3). Here, petitioner's request for reconsideration does not fall within the narrow parameters of CPLR 7509, which permits a modification of an award by the arbitrator, nor within the parameters of CPLR 7511 (c), which permits the court to modify an award by recalculating figures or correcting matters of form, without changing the original determination so as to make a new award (*Matter of Wolff & Munier [Diesel Constr. Co.],* 41 AD2d 618, *after remand* 44 AD2d 530, *affd* 36 NY2d 750; *Matter of New Paltz Cent. School Dist. [New Paltz United Teachers],* 99 AD2d 907, 908). In any event, the United States District Court decision upon which petitioner relied in seeking reconsideration was subsequently vacated by the First Circuit, thereby rendering petitioner's request for reconsideration moot (*Compagnie de Reassurance v New England Reins. Corp.,* 825 F Supp 370, *vacated in part* 57 F3d 56, *mod on other grounds* 1995 US App LEXIS 17272 [1st Cir, July 12, 1995]). Concur—Rosenberger, J. P., Rubin, Kupferman, Asch and Mazzarelli, JJ.