■ In the Matter of Jaidan Industries, Inc., Respondent, v M.A. Angeliades, Inc., Appellant. [716 NYS2d 683] —In a proceeding to confirm an arbitration award, the appeal is from an order and judgment (one paper) of the Supreme Court, Queens County (Golar, J.), entered November 9, 1999, which, upon granting the petition to confirm the award and denying the cross motion to vacate the award, is in favor of the petitioner, *inter alia,* in the principal sum of $166,673.09, including an award of $78,000 for the design and engineering of new aluminum windows.

Ordered that the order and judgment is modified, on the law, by (1) deleting the provision thereof granting that branch of the application to confirm so much of the award of $166,673.09 as awarded $78,000 for the design and engineering of new aluminum windows and substituting therefor a provision denying that branch of the application, (2) deleting the provision thereof denying that branch of the cross motion which was to vacate the award of $78,000 and substituting therefor a provision granting that branch of the cross motion, and (3) deleting the principal sum of $166,673.09 and substituting therefor an award in the principal sum of $88,673.09; as so modified, the order and judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for entry of an appropriate amended judgment.

It is undisputed that the petitioner was not licensed to perform architectural and engineering services. Accordingly, on its face, the arbitrator's award of $78,000 for the stated purpose of "[d]esign and engineering new aluminum windows" violated public policy (see, Charlebois v Weller Assocs., 72 NY2d 587; Matter of Hirsch Constr. Co. [Anderson], 180 AD2d 604).

The appellant's remaining contentions are without merit. O'Brien, J. P., Goldstein, Florio and McGinity, JJ., concur.