■ In the Matter of TOKIO MARINE & FIRE INSURANCE COMPANY, Respondent, v ALLSTATE INSURANCE COMPANY, Appellant. [778 NYS2d 315]—

In a proceeding pursuant to CPLR article 75 to vacate an arbitration award, Allstate Insurance Company appeals from an order of the Supreme Court, Nassau County (Peck, J.), dated November 25, 2002, which granted the petition.

Ordered that the order is reversed, on the law, with costs, the petition is denied, the proceeding is dismissed, the arbitration award is reinstated and confirmed, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate judgment (see CPLR 7514 [a]).

An arbitration award may be vacated as barred by the preclusive effect of a judgment or settlement entered in prior litigation (see Merrill Lynch, Pierce, Fenner & Smith v Benjamin, 1 AD3d 39 [2003]; Matter of G.J. DiBenedetto M.D., P.C., Retirement Trust v Nationwide Assoc., 297 AD2d 740 [2002]; Matter of Carp, 234 AD2d 715 [1996]). However, in this case, the petitioner failed to demonstrate that the judgment dismissing the complaint in the underlying personal injury action involving the parties' insureds was entitled to preclusive effect. In fact, the petition mischaracterized the basis for the judgment. The judgment was based on a jury verdict in favor of the defense. The clerk's entry reflecting the jury verdict, which was annexed to the petition, did not clearly indicate the basis for the jury determination. Under the circumstances, the Supreme Court erred in according the judgment preclusive effect, as it was not clear whether the issue on which preclusion was sought was specifically addressed and decided in the personal injury action (see Ross v Medical Liab. Mut. Ins. Co., 75 NY2d 825 [1990]; O'Connor v G & R Packing Co., 53 NY2d 278 [1981]; Matter of Atlantic Mut. Ins. Co. v Lauria, 291 AD2d 492 [2002]).

The petitioner's remaining contentions are without merit. H. Miller, J.P., Goldstein, Luciano and Spolzino, JJ., concur.