■ AURORA SPORTSWEAR GROUP LTD., Appellant, v GEORGE ENG et al., Respondents. [815 NYS2d 86]—

Judgment, Supreme Court, New York County (Leland De-Grasse, J.), entered February 28, 2005, declaring that defendant tenants are entitled to occupy the subject apartment for the rest of their lives at a monthly rental of $120 and that the apartment need not be their primary residence, and dismissing plaintiff landlord's cause of action for ejectment, unanimously affirmed, with costs.

In 1982, defendants conveyed the building in which the subject apartment is located to plaintiff's predecessors pursuant to a contract providing, in pertinent part, that defendants were "to remain in the apartment presently occupied by them, to wit [the subject apartment] for the remainder of their lives at a monthly rental of $120.00," no rent increases of any kind were ever to be imposed on defendants, defendants were not to sublease the apartment, and the contract was to "survive passage of title." It further appears that a deed from defendants to plaintiff's predecessors stating that it was "SUBJECT to the conditions and provisions of [the above] contract of sale" was duly recorded in 1982, and that in 1984 the apartment was registered with the Division of Housing and Community Renewal as exempt from rent control and rent stabilization. Plaintiff, which purchased the building in 2001, seeks possession of the apartment on the ground that the life tenancy given to defendants in the 1982 contract was conditioned upon their

maintaining the apartment as their primary residence, and that the tenancy is terminable because the apartment is not defendants' primary residence. The argument lacks merit. The phrase "are to remain in the apartment presently occupied by them" cannot be fairly construed as imposing a primary residence requirement, and, in the context of the prohibition against subletting, can only be construed as conferring a life tenancy without the ability to sublet for profit but with no other restrictions on use. As the motion court stated after aptly noting the express prohibition against subletting, plaintiff is seeking to insert a provision in the 1982 contract that the parties thereto did not adopt (see *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162-163 [1990]).

For the first time on appeal, plaintiff argues that the 1982 contract violates the public policy against private agreements that effectively deregulate apartments, and is therefore void (citing, inter alia, *390 W. End Assoc. v Harel*, 298 AD2d 11, 16 [2002]). While matters of public policy may be raised for the first time on appeal (see *Matter of Niagara Wheatfield Adm'rs Assn. [Niagara Wheatfield Cent. School Dist.]*, 44 NY2d 68, 72 [1978]), plaintiff's argument depends on a finding that the apartment is subject to rent stabilization. We cannot make that finding on this record (cf. *Matter of Hirsch Constr. Corp. [Cooper]*, 181 AD2d 52, 56 [1992], *lv denied* 81 NY2d 701 [1992]), in part because of plaintiff's own submissions. Plaintiff's complaint, quoting the 30-day notice of termination it served on defendants, alleged that the apartment is not subject to rent stabilization because defendants once owned the building and occupied the apartment and then sold the building reserving a life tenancy in the apartment. Other than to conclusorily assert that neither side is entitled to any exemptions under the Rent Stabilization Law, plaintiff's newly raised argument simply disregards the very facts it previously asserted exempted the apartment. Concur—Friedman, J.P., Sullivan, Williams, Sweeny and McGuire, JJ.