OPINION OF THE COURT
Per Curiam.
Final judgment, entered on or about July 6, 2005, modified to deny tenant’s application for attorney’s fees and vacate the finding of frivolous conduct, and, as modified, affirmed, without costs.
We sustain the dismissal of the holdover petition since a fair interpretation of the evidence supports the trial court’s central findings that landlord lacked credibility with respect to a number of its breach of lease claims and failed to substantiate several others, that tenant remedied the remaining lease violations within the cure period specified in landlord’s prolix default notice or prior to trial, and that tenant appropriately refused to execute the “non-standard” rider — containing “new constraints” on tenant’s use of the stabilized premises — which accompanied landlord’s December 2002 lease renewal offer. As to the lease renewal issue, the court properly declined to give preclusive effect to the short form, August 8, 2003 Division of Housing and Community Renewal order, whose terms “advised” tenant “to sign and execute the [2002] renewal lease” since it does not appear that the propriety of the rider provisions added by landlord was squarely addressed and specifically decided by the agency (see Ross v Medical Liab. Mut. Ins. Co., 75 NY2d 825 [1990]; Matter of Tokio Mar. & Fire Ins. Co. v Allstate Ins. Co., 8 AD3d 492 [2004]).
Denial of landlord’s application for attorney’s fees was proper “where the petition was properly dismissed and the central relief sought by the landlord was denied” (Ram I v Stuart, 248 AD2d 255, 256 [1998]). An award of counsel fees to tenant is similarly unwarranted since tenant’s breach of lease involving the unauthorized installation of various electrical fixtures and appliances, though ultimately remedied, was established, and tenant’s initial intransigence in responding to the landlord’s *22 demands for access caused undue delay in resolving the disputed issues. Finally, the actions for which Civil Court sanctioned landlord, although overly zealous, did not constitute “frivolous conduct” within the meaning of 22 NYCRR 130-1.1, especially in the context of the parties’ extensive litigation history.
McKeon, EJ., McCooe and Schoenfeld, JJ., concur.