■ In the Matter of METROBUILD ASSOCIATES, INC., Appellant, v KENNETH NAHOUM et al., Respondents. [857 NYS2d 564]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered September 20, 2006, which denied the petition to confirm, and instead vacated an arbitration award, unanimously reversed, on the law, with costs, the award confirmed and the matter remanded for further proceedings including the entry of judgment.

On or about June 16, 2003, petitioner and respondent Kenneth Nahoum (Kenneth), a photographer and film maker, entered into a written construction contract, whereby Metrobuild agreed to perform extensive work on Kenneth's SoHo home (the premises). The contract provided for arbitration of all disputes. In or about June 2004, Kenneth assigned the contract to respondent Nahoum Production Enterprises (Nahoum), that Kenneth owned, and Kenneth guaranteed payment in the event of Nahoum's default.

On or about June 1, 2005, petitioner filed a demand for arbitration against Kenneth, claiming that he had breached the contract by failing to pay petitioner $495,978. Kenneth responded that he had terminated the contract for cause because Metrobuild had not performed as promised.

Petitioner concedes that it was not a licensed home improvement contractor. Administrative Code of the City of New York § 20-387 (a) states: "No person shall solicit, canvass, sell, perform or obtain a home improvement contract . . . from an owner without a license therefor." Courts strictly construe the licensing requirements for home improvement contractors (*Chosen Constr. Corp. v Syz*, 138 AD2d 284, 286 [1988]), and public policy prohibits an unlicensed home improvement contractor from recovering for breach of contract or in quantum meruit (*see Blake Elec. Contr. Co. v Paschall*, 222 AD2d 264, 266 [1995]; *Matter of Schwartz [American Swim Pools, Div. of Urban-Suburban Recreation]*, 74 AD2d 638, 639 [1980]).

Respondents never sought the proper remedy available to them consistent with the clear provisions of the Administrative Code, viz., to stay the arbitration of this dispute on the ground that the Administrative Code prohibited enforcement of the contract (*see Al-Sullami v Broskie*, 40 AD3d 1021 [2007]; *Matter of Schwartz*, 74 AD2d at 639). Instead, respondents actively engaged in the arbitration, participating in no less than 13 evidentiary hearings.

The arbitrator awarded Metrobuild the entirety of its unpaid bill plus anticipated profit, for a total of $204,513. Nothing on the face of the arbitrator's award indicated that the arbitrator found that the work Metrobuild performed was residential in part.

In this proceeding, Metrobuild moved to confirm the arbitration award and respondents filed a cross motion to vacate the award on the ground that it violated the public policy against awarding damages to unlicensed home improvement contractors, and that it was irrational, in that the arbitrator essentially rewrote the contract by failing to consider the 10% retainage that the contract provided. Respondents also contended the parties never disputed that the apartment was Kenneth's home, and that he had a separate office nearby for his business.

The motion court vacated the award, holding that even if some of the work was commercial, part of it was residential, and, as such, Metrobuild's failure to obtain a license barred it from recovery. We now reverse.

As this Court has repeatedly held, a court should not set aside an arbitral award when "there is nothing on the face of the award to indicate that it violates the public policy against recovery by unlicensed home improvement contractors" (*Matter of Hirsch Constr. Co. [Anderson]*, 180 AD2d 604, 604 [1992]; *see also Matter of Sanders Constr. Corp. [Becker]*, 292 AD2d 155 [2002], *lv denied* 98 NY2d 614 [2002]; *Matter of Kuchar v Baker*, 261 AD2d 402 [1999]).

An arbitrator's factual findings and interpretation of the contract or judgment concerning remedies bind the court. "A court cannot examine the merits of an arbitration award and substitute its judgment for that of the arbitrator simply because it believes its interpretation would be the better one" (*Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York*, 94 NY2d 321, 326 [1999]).

Here, there is nothing on the face of the award to indicate that the work petitioner performed was residential, even in part. Therefore, there is nothing on the face of this award to indicate that it violates public policy (*see Matter of Jaidan Indus. v M.A. Angeliades, Inc.*, 97 NY2d 659, 661 [2001]; *see also Matter of Hirsch Constr. Co.*, 180 AD2d at 604-605). Accordingly, the court erred in vacating the award (*see Matter of Campbell v New York City Tr. Auth.*, 32 AD3d 350, 352 [2006] [Supreme Court exceeded its authority by undertaking its own review of the evidence and substituting its judgment for that of the arbitrator]). Concur—Mazzarelli, J.P., Williams, Sweeny, Catterson and Moskowitz, JJ. [*See* 2006 NY Slip Op 30036(U).]