In the Matter of ALL METRO HEALTH CARE SERVICES, INC., et al., Respondents, v GLENN EDWARDS, Appellant. [870 NYS2d 108]—

"Arbitration is essentially a creature of contract in which the parties themselves charter a private tribunal for the resolution of their disputes and are free to enlarge, restrict, modify, amend or terminate their agreement to arbitrate" (*Matter of Instituto De Resseguros Do Brasil v First State Ins. Co.*, 221 AD2d 266, 266 [1995]; *see Matter of Schlaifer v Sedlow*, 51 NY2d 181, 185 [1980]). In general, where, as here, there is a broad arbitration clause, "all questions with respect to the validity and effect of subsequent documents purporting to work a modification or termination of the substantive provisions of their original agreement are to be resolved by the arbitrator" (*Inryco, Inc. v Parsons & Whittemore Contrs. Corp.*, 55 NY2d 666, 667 [1981] [internal quotation marks omitted]). However, the parties herein entered into a subsequent agreement containing a provision that effectively imposed a condition precedent on the arbitration clause in the arbitration provision, satisfaction of which is required before the appellant could "commence any action or proceeding," including the arbitration proceeding at issue, against, inter alia, the petitioners herein. Notwithstanding a broad arbitration clause, the threshold determination of whether a condition precedent to arbitration exists and whether it has been complied with, is for the court to determine (*see Matter of Cassone*, 63 NY2d 756, 759 [1984]; *Matter of County of Rockland [Primiano Constr. Co.]*, 51 NY2d 1, 7 [1980]; *Matter of Fasano v Fasano*, 134 AD2d 589 [1987]). Accordingly, the Supreme Court properly granted the petition to stay arbitration. Mastro, J.P., Miller, Balkin and McCarthy, JJ., concur.