■ TRANSPARENT VALUE, L.L.C., Formerly Known as TRANSPARENT VALUE INFORMATION SERVICES, L.L.C., Appellant, v WADE EMORY JOHNSON, Respondent. [941 NYS2d 96]—

Judgment, Supreme Court, New York County (Jeffrey K. Oing, J.), entered September 22, 2011, confirming an arbitral award in respondent's favor, unanimously affirmed, with costs.

Contrary to petitioner's claim, the award does not violate public policy. When a court is asked to vacate an arbitral award on public policy grounds, "[t]he focus of inquiry is on the *result*, the award itself" (*Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York*, 94 NY2d 321, 327 [1999]). "[W]here the final result creates an *explicit* conflict with other laws and their attendant policy concerns," a court will vacate the award (*id.*). In the case at bar, as in *Correctional Officers* (*see id.* at 327-328), the award does not violate a law. Petitioner will not violate any laws by paying respondent x dollars or transferring y units to him. Petitioner's reliance on a letter from ALPS Distributors, Inc., the distributor of petitioner's mutual funds, is unavailing; ALPS has no obligation to pay respondent anything.

"An arbitration award may be vacated on public policy grounds only where it is clear on its face that public policy precludes its enforcement" (*Matter of Jaidan Indus. v M.A. Angeliades, Inc.*, 97 NY2d 659, 661 [2001]; *see also Matter of Metrobuild Assoc., Inc. v Nahoum*, 51 AD3d 555, 556-557 [2008], *lv denied* 11 NY3d 704 [2008]). That is not the case here.

It is true that "a court will not enforce a contract that violates public policy" (*Correctional Officers*, 94 NY2d at 327). However, "the courts must be able to examine an arbitration agreement . . . on its face, without engaging in extended factfinding or legal analysis, and conclude that public policy precludes its enforcement" (*Matter of Sprinzen [Nomberg]*, 46 NY2d 623, 631 [1979]). On its face, the agreement between the parties does not require respondent to perform brokerage services (*see Foundation Ventures, LLC v F2G, Ltd.*, 2010 WL 3187294, *1, *7, 2010 US Dist LEXIS 81293, *3, *21 [SD NY, Aug. 11, 2010]).*

Whether someone is a broker obliged to register with the SEC is a factual determination requiring consideration of various factors (*see e.g. Torsiello Capital Partners LLC v Sunshine State Holding Corp.*, 2008 NY Slip Op 30979[U], *8-9 [Sup Ct, NY County 2008]). It was for the arbitrators—not the IAS court or this Court—to make that determination (*see Metrobuild*, 51 AD3d at 557; *Matter of Wertlieb [Greystone Partnerships Group]*, 165 AD2d 644, 647 [1991]).

Petitioner's contention that the arbitrators manifestly

---

* Contrary to petitioner's claim, a subsequent decision in *Foundation Ventures* (2011 WL 1642245, 2011 US Dist LEXIS 45157 [Apr. 21, 2011]) did not render the 2010 decision without any precedential value.

disregarded the law is unavailing. "[M]anifest disregard of the law means more than an error or misunderstanding of the applicable law" (*Matter of Roffler v Spear, Leeds & Kellogg*, 13 AD3d 308, 310 [2004]). Rather, "[t]o modify or vacate an award on the ground of manifest disregard of the law, a court must find both that (1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well defined, explicit, and clearly applicable to the case" (*Wien & Malkin LLP v Helmsley-Spear, Inc.*, 6 NY3d 471, 481 [2006] [internal quotation marks omitted], *cert dismissed* 548 US 940 [2006]). Neither of these requirements is present in this case.

One of the grounds for vacating an arbitral award is that the arbitrators exceeded their powers (*see* CPLR 7511 [b] [1] [iii]). "[A]rbitrators may be said to have done so only if they gave a completely irrational construction to the provisions in dispute and, in effect, made a new contract for the parties" (*Matter of National Cash Register Co. [Wilson]*, 8 NY2d 377, 383 [1960]). The arbitrators in the instant case did not do so. They had the right to fashion equitable relief (*see Sprinzen*, 46 NY2d at 629 ["An arbitrator's paramount responsibility is to reach an equitable result"]). "[I]t is not for the courts to interpret the substantive conditions of the contract or to determine the merits of the dispute" (*Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d 72, 82-83 [2003] [internal quotation marks omitted]). "This is true even where the apparent, or even the plain, meaning of the words of the contract has been disregarded" (*id.* at 83 [internal quotation marks omitted]).

The arbitrators' award of compensation to respondent, even though he did not directly introduce petitioner to the entity that ended up engaging in a transaction with petitioner, was not irrational. "[P]arties may, in particular circumstances, reach a specific understanding that a finder's commission will be payable even if the finder's efforts are not a direct or procuring cause of the acquisition" (*Beverley v Mickelberry Corp.*, 161 AD2d 292, 293 [1990]; *see also Barrister Referrals v Windels, Marx, Davies & Ives*, 169 AD2d 622, 623 [1991]).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Moskowitz, Acosta and Abdus-Salaam, JJ.