Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered March 12, 2012, which, to the extent appealed from as limited by the briefs, denied proposed intervenors 415 Greenwich Mezzanine Owner, LLC, Heritage Fartners, LLC, 415 Greenwich, LLC, Ethan Eldon, and Joel Silver’s motion to renew petitioners’ motion to confirm an arbitration award, and, in the companion action, granted defendants’ motion to dismiss the complaint, unanimously affirmed, with costs.
This arbitration proceeding and related action concern a real estate development project whose delayed completion allegedly *624 caused damages. The property’s former owners and their affiliates properly were denied leave to intervene in the arbitration proceeding brought by the construction manager and performance surety against the present owner. The proposed intervenors, who sought leave after the award was confirmed without opposition, have no ownership interest in the parties to the arbitration and accordingly lack standing. In any event, the complained-of connections between the arbitrator and the owner are too remote to constitute the appearance of partiality that would support vacating the award (CPLR 7511 [b] [1] [ii]; see Matter of Provenzano [Motor Veh. Acc. Indem. Corp.], 28 AD2d 528, 528 [1st Dept 1967]) and, contrary to the proposed intervenors’ claim, the arbitrator did not show bias or make an irrational determination (see Transparent Value, L.L.C. v Johnson, 93 AD3d 599, 601 [1st Dept 2012]).
In the related action, plaintiff 415 Greenwich Mezzanine Owner failed to state a claim because when it defaulted on its loan obligations, its creditor, defendant KBS Tribeca Summit, acted within its rights under the loan documents by designating defendant KBS 415 Greenwich to accept the debtor’s interest in defendant 415 Greenwich Senior Mezzanine, which had been pledged as collateral for the loan.
Concur—Sweeny, J.E, Acosta, Renwick, Andrias and Freedman, JJ.