■ In the Matter of Village of Chester, Appellant, v Local 445, International Brotherhood of Teamsters, Respondent. [988 NYS2d 652]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, the petitioner appeals from an order of the Supreme Court, Orange County (Slobod, J.), dated September 27, 2012, which denied its petition to permanently stay arbitration and granted the respondent's cross petition to compel arbitration.

Ordered that the order is affirmed, with costs.

" 'Arbitration is essentially a creature of contract in which

the parties themselves charter a private tribunal for the resolution of their disputes and are free to enlarge, restrict, modify, amend or terminate their agreement to arbitrate' " (*Matter of All Metro Health Care Servs. Inc., v Edwards*, 57 AD3d 892, 893 [2008], quoting *Matter of Instituto De Resseguros Do Brasil v First State Ins. Co.*, 221 AD2d 266, 266 [1995]). The petitioner and the Village of Chester Police Benevolent Association (hereinafter the PBA) entered into a collective bargaining agreement (hereinafter the CBA) covering all Village of Chester police officers. Article 12 of the CBA, dealing with grievances related to disciplinary matters, contained a provision that effectively imposed a condition precedent on the commencement of arbitration by requiring the PBA or an officer covered by the agreement to file a grievance with the Chief of Police within 15 days of the notice of charges against the officer. The threshold determination of whether a condition precedent to arbitration exists and whether it has been complied with, is for the court to determine (*see Matter of Cassone*, 63 NY2d 756, 759 [1984]; *Matter of County of Rockland [Primiano Constr. Co.]*, 51 NY2d 1, 7 [1980]). Here, a letter dated June 5, 2012, which was sent to the Chief of Police, constituted the filing of a grievance and met the condition precedent to the subject arbitration. Accordingly, the Supreme Court properly denied the petition to permanently stay arbitration and granted the cross petition to compel arbitration.

The petitioner's remaining contentions are without merit. Rivera, J.P., Sgroi, Hinds-Radix and Maltese, JJ., concur.