Hereford Insurance Company, Petitioner-Respondent,
against
Iconic Wellness Surgical Services, LLC, Respondent-Appellant.



Respondent appeals from an order of the Civil Court of the City of New York, New York County (Louis L. Nock, J.), entered on or about November 21, 2018, which granted the petition of Hereford Insurance Company to vacate a master arbitrator's award.




Per Curiam.
Order (Louis L. Nock, J.), entered on or about November 21, 2018, reversed, with $10 costs, petition denied and the award of the master arbitrator is reinstated.
Civil Court erred in vacating the master arbitrator's no-fault award on the ground that it is contrary to a subsequent order rendered by the Supreme Court, New York County, which declared that petitioner-insurer is not liable for no-fault benefits arising from the underlying automobile accident. While the preclusive effect of a pre-arbitration judicial decision may be sufficient to vacate an arbitral award (see Matter of Tokio Mar. & Fire Ins. Co. v Allstate Ins. Co., 8 AD3d 492 [2004]), a post-arbitration judicial determination concerning the insurer's liability is not one of the limited grounds for vacating an arbitration award (see Matter of Hirsch Constr. Corp. [Cooper], 181 AD2d 52 [1992], lv denied 81 NY2d 701 [1992]). Indeed, if a motion to vacate an arbitration award on this ground could be entertained, "the arbitration award would be the beginning rather than the end of the controversy and the protracted litigation which arbitration is meant to avoid would be invited" (Matter of Mole [Queen Ins. Co. of Am.], 14 AD2d 1, 3 [1961]).
We have considered petitioner Hereford's alternative grounds for vacating the award and find them unavailing. The master arbitrator's affirmance of the lower arbitration award was not irrational (see Matter of Petrofsky [Allstate Ins. Co.], 54 NY2d 207, 211 [1981]), nor did it ignore controlling law (see Matter of Global Liberty Ins. Co. v ISurply, LLC, 163 AD3d 418 [2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: May 23, 2019