Newton v LVMH Moet Hennessy Louis Vuitton Inc. (2021 NY Slip Op 01558)





Newton v LVMH Moet Hennessy Louis Vuitton Inc.


2021 NY Slip Op 01558


Decided on March 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 18, 2021

Before: Acosta, P.J., Gische, Webber, González, JJ. 


Index No. 154178/19 Appeal No. 13388N&M-0479 Case No. 2020-03198 

[*1]Andowah Newton, Plaintiff-Respondent,
v
LVMH Moet Hennessy Louis Vuitton Inc., Defendant-Appellant. Public Justice, P.C., National Employment Lawyers Association-New York and Crumiller P.C., Amici Curiae.


Winston & Strawn LLP, New York (Michael Alexander FernÁndez of counsel), and Winston & Strawn LLP, Chicago, IL (Aviva Grumet-Morris and Rex L. Sessions of the bar of the State of Chicago, admitted pro hac vice, of counsel), for appellant.
Bergstein & Ullrich, New Paltz (Stephen Bergstein of counsel), for respondent.
Ritz, Clark & Ben-Asher LLP, New York (Miriam Clark of counsel), for Public Justice, amicus curiae.
Lieff Cabraser Heimann & Bernstein, LLP, New York (Rachel Gemen of counsel), for National Employment Lawyers Association-New York, amicus Curiae.
Crumiller P.C., Brooklyn (Susan K. Crumiller of counsel), for Crumiller P.C., amicus Curiae.



Order, Supreme Court, New York County (Louis L. Nock, J.), entered on or about July 13, 2020, which denied defendant's motion to compel arbitration of plaintiff's claims of sexual harassment in the workplace and retaliation, unanimously reversed, on the law, without costs, and the motion granted.
Generally, "[w]hen the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract [and] . . . possesses no power to decide the arbitrability issue" (Henry Schein, Inc. v Archer & White Sales, Inc., __ US __, 139 S Ct 524, 529 [2019]). However, the motion court properly undertook an analysis of the threshold question of whether the arbitration agreement is enforceable here because plaintiff's sexual harassment claims involve strong public policy considerations and the application of a relatively new state law, CPLR 7515 (see e.g. Merrill Lynch, Pierce, Fenner & Smith v Benjamin, 1 AD3d 39, 44 [1st Dept 2003]).
The provisions of CPLR 7515 relied on by plaintiff are not retroactively applicable to arbitration agreements, like the one at issue, that were entered into preceding the enactment of the law in 2018, so that plaintiff's argument that this law prohibits arbitration of her claims is unavailing (see Altman v Salem Media of N.Y., LLC, 188 AD3d 515, 516 [1st Dept 2020]). Accordingly, we need not resolve defendant's further contention that the Federal Arbitration Act (FAA), which is expressly applicable to the employment agreement at issue here, is inconsistent with and therefore displaces CPLR 7515 to the extent it prohibits outright a specific type of claim (AT&T Mobility LLC v Concepcion, 563 US 333, 341 [2011]; see also Latif v Morgan Stanley & Co. LLC, 2019 WL 2610985, at *4 [SD NY 2019]). Although there are strong public policy interests in preventing sexual harassment in the workplace, there is no showing here that the arbitration agreement is unconscionable to the extent that it requires arbitration of such claims (see e.g. 159 MP Corp. v Redbridge Bedford, LLC, 33 NY3d 353, 361 [2019]). Plaintiff can still pursue such claims against defendant in arbitration and hold it accountable (see Sablosky v Edwards S. Gordon Co., Inc., 73 NY2d 133, 138 [1989]).
Plaintiff's contention that revisions to defendant's employee handbook, rendered in 2018, superseded the arbitration agreement is also unavailing. The issue of whether the 2018 policy revisions supersede the arbitration agreement is one for the arbitrator, as the arbitration agreement contains a delegation clause and this issue does not involve strong public policy considerations (see Henry Shein, 139 S Ct at 530; see also Matter of Cassone, 63 NY2d 756, 759 [1984]).
M- 0479-Andowah Newton v LVMH Moet Hennessy Louis Vuitton Inc. Motion for leave to file an amicus brief (by Crumiller LLC)
granted, and the six copies of the proposed brief accompanying
the motion are deemed filed.
THIS CONSTITUTES THE DECISION [*2]AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 18, 2021