Matter of Michalow v D.E. Shaw & Co., L.P. (2024 NY Slip Op 04819)

Matter of Michalow v D.E. Shaw & Co., L.P.

2024 NY Slip Op 04819

Decided on October 03, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 03, 2024

Before: Manzanet-Daniels, J.P., Friedman, Gesmer, González, Pitt-Burke, JJ. 

Index No. 653480/22 Appeal No. 2708 Case No. 2023-02951 

[*1]In the Matter of Daniel Michalow, Petitioner-Appellant,
v
D.E. Shaw & Co., L.P., et al., Respondents-Respondents.

Wallison & Wallison, LLP, New York (Jeremy L. Wallison of counsel), for appellant.
Jones Day, New York (Terri L. Chase of counsel), for respondents.

Order, the Supreme Court, New York County (Andrew Borrok, J.), entered on or about May 15, 2023, which denied the petition to vacate a portion of an arbitration award denying petitioner's claims for certain post-termination compensation, unanimously affirmed, with costs.
The Arbitrators' decision to deny petitioner's claim for his deferred compensation and profit interests following the termination of his employment from respondent D.E. Shaw & Co., L.P. does not violate public policy or evince a manifest disregard of the law (see Transparent Value, L.L.C. v Johnson, 93 AD3d 599, 600-601 [1st Dept 2012]). Petitioner has failed to identify a public policy embodied in statute or decisional law prohibiting the arbitrators, in an absolute sense, from enforcing the employment agreements underlying his compensation claims (Matter of Sprinzen [Nomberg], 46 NY2d 623, 630 [1979]; cf. Denson v Donald J. Trump for President, Inc., 180 AD3d 446, 450-451 [1st Dept 2020]). Contrary to petitioner's position otherwise, the agreements at issue do not violate public policy by insulating D.E. Shaw from liability for future intentional wrongdoing (see e.g. Richardson v Island Harvest, Ltd., 166 AD3d 827, 828 [2d Dept 2018]). Rather, they condition the release of certain post-termination compensation on the execution of a general release that waives liability for claims that accrued by the time the release was signed.
We note that during the arbitration proceedings, petitioner requested a "non-reasoned" award rather than an explained or "reasoned" award. We reject petitioner's argument that the arbitrators manifestly disregarded well-defined, explicit, and clearly applicable law, as there are colorable justifications for a finding that the compensation petitioner seeks is incentive compensation rather than earned wages under Labor Law § 190 (Roffler v Spear, Leeds & Kellogg, 13 AD3d 308, 310 [1st Dept 2004]; see Matter of Anderson v AHS [At Home Solutions, LLC], 200 AD3d 487, 487 [1st Dept 2021]). In any event, even if the Arbitrators' interpretation of the employment agreements was erroneous, a mere error in the law "does not equate to manifest disregard of the law" (Matter of Nexia Health Tech., Inc. v Miratech, Inc., 176 AD3d 589, 591 [1st Dept 2019] [internal quotation marks omitted]; see also Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 480 [2006]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 3, 2024